WILSON vs. CARPENTER and others.

Where a mortgage is executed to secure the payment of a note, the delivery of the mortgage, duly assigned, in part fulfillment of a promised and intended transfer of both the note and the security as a gift *inter vivos*, does not convey any interest, if the note is not, in fact, delivered to the assignee.

APPEAL from the Circuit Court for *Jefferson* County.

Action to foreclose a mortgage. The complaint avers that the mortgage was given in 1862 by the defendants *Justus Carpenter* and *N. P. Parsons*, conditioned for the payment of a note of the same date, executed by said *Carpenter* and *Parsons*, for $500, payable November 1, 1860, to George Lovimond or bearer, with interest payable annually; that said note and mortgage were, on the 6th of November, 1860, duly assigned and delivered by said Lovimond to Mrs. H. T. Strong, for a valuable consideration; and that on the 7th of May, 1862, they were, for a valuable consideration, duly assigned and delivered

by Mrs. Strong to the plaintiff, and are now held by him; that the principal sum and certain interest are due thereon, &c. No personal judgment is demanded.

*Carpenter* answered denying that said note was payable to bearer, and alleging that it was payable to said Lovimond or order; denying also that there was any valuable consideration for the assignment to Mrs. Strong; that Lovimond ever indorsed, negotiated or delivered the note to her, or that she ever became the owner of it or had it in her possession or control; and alleging that on the 6th of November, 1860, *Parsons*, being then liable on said note, both severally and jointly with *Carpenter*, paid Lovimond, out of his own moneys and for his own benefit, the amount due on the note; that thereupon Lovimond delivered up the note to *Parsons*, without indorsement, and *Parsons* retained it in his possession until June, 1862, when he delivered it to said *Carpenter;* that on said 6th of November, 1860, after *Parsons* had paid the note, Lovimond, at the sole request and for the sole benefit of *Parsons*, assigned the mortgage to Mrs. Strong (who is a daughter of the latter), and delivered both note and mortgage to *Parsons.* The answer therefore insists that the note and mortgage are fully paid, and that neither Mrs. Strong nor the plaintiff ever had any rights derived therefrom. A similar answer was filed by *Parsons.*

On the trial, the plaintiff offered in evidence the mortgage mentioned in the complaint; but the defendant objected to its admission, on the ground that the plaintiff must first produce the note, and show title to the note and mortgage. Objection overruled, and mortgage read in evidence. Plaintiff then offered in evidence the assignment written on the mortgage from George Lovibond to Mrs. Strong. Defendants objected for the reasons above named, and also on the ground that the assignment did not purport to assign said note and mortgage, but only to sell the mortgagee's interest in the mortgaged premises. Objection overruled, and assignment read. . It purported to be

in consideration of $650 paid the assignor by Mrs. Strong, and to assign and convey to her all interest in the mortgaged premises. The plaintiff then introduced in evidence the written assignment of said note and mortgage from Mrs. Strong to himself. In pursuance of due notice, he then demanded of the defendants the note mentioned in their answers, for the purpose of offering it in evidence; and upon the order of the court it was produced, read in evidence, and filed. The copy which appears with the printed " case " runs to " George Lovibond or order." Geo. P. Strong, for the plaintiff, testified that he had heard *Parsons* say he had given the mortgage to Mrs. Strong for her use and that of her children. It was an absolute gift of both the note and mortgage, so far as *Carpenter's* interest in them was concerned ; and also was to cover *Parsons'* interest in the land and mortgage, but if the mortgage was disposed of or foreclosed, *Parsons* wanted no personal judgment against him in the foreclosure suit. This conversation was soon after the mortgage was given to Mrs. Strong. Mrs. Strong, for the plaintiff, testified as follows : ". I am a daughter of the defendant *Parsons*. He gave me the mortgage for the use of myself and children. The note was not delivered to me with the mortgage. The reason it was not delivered was, he said, that Turner, the agent of Lovibond, had it. I was to have the whole note and mortgage so far as *Carpenter's* interest was concerned, and also so far as *Parsons'* interest was concerned, except that I was to take no personal judgment against *Parsons*, but only the mortgaged land." On cross-examination she said that she never parted with any consideration for the mortgage. Two letters from *Parsons* to Mrs. Strong (month and year not given) were put in evidence for the plaintiff. In the first are these words : " About the mortgage : *Carpenter* owes $20 the first of every November ; [that] is his portion, to pay 10 per cent. on $200 he owes ; you can get it of him. As soon as I get through with * * * about damages for flowing the land mortgaged, you can have the land, my part. Ten dollars per

acre is low for it. Sell it for that, first opportunity. You can have the avails of it." In the second letter he says: "I will be out to your place next week. I will fetch a deed of the property to you. You can do as you have a mind to with it."

The defendant then introduced evidence tending to sustain the allegations of the answers.—The court found as facts, that the plaintiff was the owner and holder of said note and mortgage; that the facts stated in the complaint were true, and that the facts stated in the answers as defenses to the cause of action set forth in the complaint, were not true; and that there was due on the note and mortgage a certain specified sum. And as a conclusion of law the court held that the plaintiff was entitled to judgment of foreclosure and sale, to make the amount due.

A motion for a new trial was denied, and judgment rendered in accordance with the finding; from which the defendants appealed.

*Edson Kellogg*, for appellants, argued, among other things, that if it be held that *Parsons* could have given the note and mortgage new life, or continued them as legal instruments, by the gift thereof to his daughter, yet he never delivered them to her, and she never became possessed of the right to control or dispose of them, and the plaintiff's right of action is fatally defective for that reason   2 Kent's Com., 554; 3 Coms., 93, 113; 7 Barr, 100; 10 id., 391; 20 Vt., 595; 31 Me., 338, 422; 10 Johns., 293.

*N. S. Murphy*, for respondent, contended, among other things, that if the note was payable to order, it passed to Mrs. Strong with the assignment on the mortgage. *Parsons* represented to his daughter, at the time of the delivery of the mortgage, that he had not taken up the note from Lovibond, but when he got it he would deliver it to her. If that was true, the delivery was sufficient (10 Johns., 293); and if not true, then to give effect to his present defense would be giving judicial sanction to a fraud on his part.

*By the Court*, COLE, J.   In the most favorable view which can be taken of the evidence in this case for the respondent, he must fail in the action.   For, assuming that Mrs. Strong gives the correct version of the transaction, the most that can be said is, that there was an unexecuted gift.   She testifies that when her father gave her the mortgage, he did not deliver the note.   Indeed, as a matter of fact, the note never was in her possession or under her control, but always remained in the possession or under the control of her father after it was paid in November, 1860.   About this there is no dispute. Now we suppose it to be a very clear proposition, that a delivery of the note was essential in order to pass title and give effect to the gift.   The note was the principal, the mortgage the accessory.   While the note remained in the possession of the father, the gift was revocable.   Upon this point chancellor KENT lays down the law in the following explicit language : " Gifts *inter vivos* have no reference to the future, and go into immediate and absolute effect.   Delivery is essential both at law and in equity to the validity of a parol gift of a chattel or chose in action ; and it is the same whether it be a gift *inter vivos* or *causa mortis*.   Without actual delivery, the title does not pass.   A mere intention or naked promise to give, without some act to pass the property, is not a gift.   There exists the *locus pœnitentiæ* so long as the gift is incomplete and left imperfect in the mode of making it ; and a court of equity will not interfere and give effect to a gift left inchoate and imperfect."   2 Kent, 554, Eighth Ed. (marg. p. 438.)   Again he says : "Delivery in this, as in every other case, must be according to the nature of a thing.   It must be an actual delivery, so far as the subject is capable of delivery.   It must be *secundum subjectam materiam*, and be the true and effectual way of obtaining the command and dominion of the subject.   If the thing be not capable of actual delivery, there must be some act equivalent to it.   The donor must part not only with the possession, but with the dominion of the property.   If the

thing given be a chose in action, the law requires an assignment or some equivalent instrument, and the transfer must be actually executed." Id., 555 (m. 439.)

It appears to us that these principles of law are perfectly decisive of this case. It is not pretended that there was any delivery or assignment of the note in question. Even in the assignment of the mortgage it is not mentioned. The transfer was not actually executed. *Parsons* had not parted with his possession or control over it, but could retain it, destroy it, or deliver it up to his co-maker, as he in fact did do. This being the case, of course the title never passed to Mrs. Strong, and she could not transfer it to another.

The counsel for the respondent says that to sustain the defense is giving judicial sanction to a fraud on the part of *Parsons*. According to his statement, he never intended to give the note and mortgage to his daughter. But no matter. Suppose he promised to give them to her and intended giving them, yet, if he did not execute this intention by actually transferring the note, we cannot give effect to the gift. He has a legal right to revoke it, however ungenerous or reprehensible the act may be upon moral grounds.

The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.