## Resch vs. Senn

EVIDENCE: (1–3) *Declarations — Res Gestæ.* (4) *Possession of goods; its effect as evidence.*

TITLE TO GOODS OF INTESTATE. (5) *What must be shown by one claiming by gift from widow.*

1. Where one person takes and removes goods claimed by another, declarations made by the parties at the time of such taking are a part of the *res gestæ*, and admissible in evidence, in replevin for the goods.
2. Where a witness for plaintiff, in such an action, has testified that he was present and saw the taking, he may be *cross-examined* as to any conversation between the parties at the time.
3. The property in dispute being a bureau and its contents, and the answer alleging that the bureau was locked and the key in plaintiff's possession, at the time of the taking, and that defendant requested plaintiff to unlock it and take out any goods belonging to him: *Held,* that defendant might cross-examine such witness as to the conversation between the parties, for the purpose of proving such request.
4. Although possession of goods is *prima facie* evidence of title, yet where the goods were shown to have been a part of the estate of a deceased intestate, and there had been no administration, the possession of the widow cannot be presumed to have been in her own right rather than for the benefit of the minor children.
5. Where defendant claimed and took the goods as guardian of the minor children, plaintiff, who claims by gift *inter vivos* or *causa mortis* from the widow (with whom he had intermarried), must show affirmatively her title, and actual delivery of the goods by her to him as a gift.

Resch vs. Senn.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin, for a certain bureau and its contents, described as follows : "Articles of bedding, table clothes, towels, one suit of men's clothes, eight yards of woolen cloth, one revolver, twenty-five dollars in gold, two dollars in silver, one gold ring, one silver watch, one cupping instrument, one dozen new shirts, two boxes containing bed-clothing and books." The value is stated at $313. Plaintiff claimed to own the property by gift from the widow of Henry Senn, with whom he had inter-married after the death of said Henry, and who had herself subsequently deceased. Defendant claimed that the goods were the property of the minor heirs of said Henry Senn, of whom he was the guardian. The substance of the pleadings, and the principal errors alleged to have intervened at the trial, will appear from the opinion.

At the plaintiff's request, the court gave the following instructions : " 1. If the plaintiff was in possession of the property in July, 1869, such possession is *prima facie* evidence of ownership of the property. 2. Where in actions like the present, defendant sets up the title of the property to be in a person not a party to the action, such a defense is an affirm-ative defense, and it is incumbent on the party pleading it to establish by the weight of evidence all the facts to show a perfect title in the person in whom he alleges it to be. 3. Pos-session of personal property, such as household furniture, wearing apparel, and other household property, ordinarily used in and about the dwelling house of a family, by a widow, for upward of two years after the death of her husband, is pre-sumptive evidence of title and ownership."

The instructions referred to in the opinion as having been asked by the defendant and refused by the court, were as fol-lows : " 1. The property of a man dying without a will, and leaving surviving him a widow and children, will descend to the children, subject to the dower right of the widow, and cer-tain personal property to vest in the widow under the order of

the probate court; and if the widow die before her right in the property is adjudicated and set apart to her by the order of a competent court, then the whole estate vests at once in the children on the death of the widow. 2. Unless you find that the property which the plaintiff claims by gift from the widow was her separate property, or had been set apart to her from the property of her former husband by the order of the county court, then she had no title to it, and could not confer any title on the plaintiff. 4. To make a gift operative, it must be accompanied by immediate delivery and change of possession ; and if you find that there was an attempted gift by the wife to the plaintiff before their marriage, the same was not operative unless there was a delivery and change of possession of the property."

Verdict for the plaintiff, assessing the value of the property at $278; new trial denied; and defendant appealed from a judgment on the verdict.

*F. F. Wilde*, with *Mayham & Perkins* and *J. F. McMullen*, of counsel, for appellant.

*Coleman & Thorp*, for respondent, argued, among other things, that the greater part of the goods given by Mrs. Resch to the plaintiff were her paraphernalia, which belong to the wife upon the death of her husband, and of which she could dispose by gift or otherwise. Tyler on Inf. and Cov., 422-425; 2 Redf. on Wills, 161–163; Cord on Rights of M. W., 597–614; 2 Roper on H. and W., 2d ed., 141 ; 1 Williams on Ex'rs, 678 et seq. ; *Jervoise v. Jervoise*, 17 Beav., 566. 2. Mrs. Resch was in the undisturbed possession of the property for two years after the death of her former husband, before she gave it to the plaintiff; which is *prima facie* evidence of title. 3. The statute declares that the widow shall be allowed all her articles of apparel and ornament, the household furniture of the deceased, etc. It passes the absolute title of such property to the widow, and no order of the county court is necessary to confer the title upon her. Such property would not be assets in the hands of

Resch vs. Senn.

an administrator, nor descend to the heirs. If an order of the court is necessary in any case, it was not in this, because the entire value of all the property left Mrs. Resch by her former husband was less than the statutory amount. 2 Williams on Ex'rs, *1496; *Brigham v. Bush*, 33 Barb., 596; *Vedder v. Saxton*, 46 id., 188; *Sheldon v. Bliss*, 8 N. Y., 31. 4. The fourth instruction asked by defendant was properly refused; because, as between husband and wife, residing in the same house, where the goods were at the time of the gift, it was utterly impossible that there should be an actual change of possession. Such a rule would frequently render it impossible for husband or wife to make a valid gift to each other. *Allen v. Cowan*, 23 N. Y., 502; *Penfield v. Thayer*, 2 E. D. Smith, 305; *Gragiac v. Arden*, 10 Johns., 293; 28 Barb., 622; 45 id., 9; 33 N. Y., 581; 14 Johns., 222; 10 Bosw., 314; 39 N. Y., 111; 21 Pick., 325.

COLE, J. This was an action to recover the value of a bureau and contents which it was alleged had been wrongfully taken from the plaintiff by the defendant. It appears from the case that the plaintiff claimed the larger part of the property in controversy as a gift from his deceased wife, and a portion in his own right.

The answer contains the general denial, and further alleges, in substance, that as guardian of Emma Senn and Mina Senn, minor heirs and children of Henry Senn, deceased, who were the real owners of the bureau and other property mentioned in the complaint, defendant took possession of the bureau, which was then locked, the key thereof being in the possession of the plaintiff, who was requested to unlock the bureau and to take any property therefrom which belonged to plaintiff.*

The errors complained of are quite numerous, and we shall

*The answer further alleges that plaintiff refused either to give the key to defendant or to unlock the bureau; and that by reason of this conduct defendant "was unable to ascertain what was in said bureau."—REP.

only notice the more material ones.    And first, it is said the ourt erred in sustaining the objection to the question asked the witness John R. Seely, on cross-examination, as to whether he heard any conversation between the plaintiff and defendant about taking these goods.   The witness had stated on his examination in chief, that he was present and saw the defendant take the bureau and some other goods.   The defendant claims that he was entitled to show, as a part of the *res gestæ*, the conversation between him and the plaintiff at the taking of the property.   We suppose the acts and declarations of the parties done and made at the time of the transaction are admissible as constituting parts of the *res gestæ*.   They might be material, as showing by what right the defendant claimed the property, and whether he requested the plaintiff to unlock the bureau and to take therefrom any property belonging to him.

Again, the court excluded testimony offered to prove the contents of the bureau.   Upon what ground this evidence was ruled out, it is difficult to imagine.   It is suggested on the brief of the counsel for the plaintiff, that the answer admitted the taking of the property.   We have already remarked that the answer contained the general denial, and also averred that the defendant took the bureau and other property mentioned in the complaint as the property of his wards.   The plaintiff was permitted to testify as to the contents of the bureau and their value.   The defendant was not permitted to show what articles the bureau in fact contained, and thus meet the case made on the other side.   That this evidence should have been admitted seems to us very plain.

Although this case must go back for a new trial on account of the exclusion of the testimony above referred to, we deem it proper to make a few general remarks bearing upon the instructions given at the request of the plaintiff, and those asked and refused on the part of the defendant.   Before doing so, however, it will be necessary to state one or two matters in order that our observations may be more clearly understood.

Henry Senn, the father of the defendant's wards, was the owner of certain property real and personal, including the most, if not all, of that in controversy. He died in 1866 ; and about two years afterwards, his widow, the mother of these children, married the plaintiff, with whom she continued to live until her death in 1869. It does not appear that letters of administration were ever granted to any one upon the estate of Henry Senn, nor that any property was ever assigned to the widow by an order of the county court. And, as already observed, the plaintiff claims the property as a gift from his wife. It is insisted by the counsel for the defendant, that Mrs. Resch had no title to the property in her own right so that she could lawfully dispose of it or give it away, even if the evidence showed that there was a gift *inter vivos* or *causa mortis*. The plaintiff claiming the property as a gift from Mrs. Resch, it was of course incumbent on him to show that the property belonged to her, and that her gift of it to him had become perfect by delivery and acceptance. "Delivery is essential both at law and in equity to the validity of a parol gift of a chattel or chose in action : and it is the same whether it be a gift *inter vivos* or *causa mortis*. Without actual delivery the title does not pass. A mere intention or naked promise to give, without some act to pass the property, is not a gift." 2 Kent., p. 438. The mere fact that these goods were in the house occupied by the plaintiff and wife at the time of her death, will not warrant the presumption that possession and ownership were in him, especially when that presumption is rebutted by the positive evidence that the property belonged to the estate of Henry Senn, deceased. The possession would naturally remain with the mother, even if the property belonged to the children. And the same remark would be applicable to the possession of the widow, which, under the circumstances, would not be presumptive evidence of title and ownership. For certainly possession furnishes no presumptive evidence of title, when it is shown that the property belongs to another. So that the bare fact that Mrs. Resch was in the

undisturbed possession of the property in question for two years after the death of her former husband, before she gave it to the plaintiff, would not of itself be even *prima facie* evidence that she owned the property in her own right, when it appeared that it was a part of the estate of her first husband.

It is said that the greater portion of the goods were such as would belong to Mrs. Resch upon the death of her husband. The statute provides that the widow shall be allowed all her articles of apparel and ornament, and all the wearing apparel and ornaments of the deceased, the household furniture of the deceased not exceeding in value two hundred and fifty dollars, and other personal property to be selected by her not exceeding two hundred dollars. Section 1, chap. 99, R. S. There is not a particle of testimony which tends to prove that Mrs. Resch ever selected any portion of this property, or that it was *allowed* or set apart to her by the county court. Her title really rests upon mere possession, which is entirely consistent with the fact that the property belonged to her children, and that she was holding it for their benefit.

We think the instructions given at the request of the plaintiff were calculated to mislead the jury, in view of the evidence which showed that the property belonged to the estate of Henry Senn. It is very evident that the fourth instruction asked by the defendant should have been given; and we are inclined to think that the first and second were correct as propositions of law, and applicable to the facts of the case. We do not, however, feel called upon to fully pass upon those instructions, inasmuch as another trial may develop a different state of facts from the case now before us.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.