# CASES DETERMINED

## *August Term, 1881.*

### WILCOX vs. MATTESON.

*September 2 — September 27, 1881.*

*(1, 2) Donatio mortis causa. (3) Widow's right of selection from decedent's personal estate.*

1. To transfer title to personalty by gift, possession of the property must pass from the donor, during his life, to the donee.

2. Several hours before the death of W., he stated to the nurse in attendance upon him, that his pocket-book was "under the bed, just under his shoulders," and requested her to "take it and give it [with its contents] to his wife when she came." Nothing was done towards complying with the request until some hours after W.'s death, when his body was moved, and the nurse took the pocket-book from the place described, and handed it to another person to be given to the widow of the deceased if she should come, and otherwise to be sent to her. *Held,* that the possession did not pass from W. during his life.

3. The widow of W. cannot recover upon a promissory note found by her in such pocket-book, upon the ground that it belongs to her as a part of the $200 which she is entitled to select from her husband's estate (sec. 3935, R. S.), without proof that she had made such selection and included the note therein.

APPEAL from the Circuit Court for *Jefferson* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to recover the amount of a promissory note given by the defendant to the deceased husband of the plaintiff, payable to his order, and indorsed by him in blank. The answer denies the ownership of the note by the

plaintiff. The question of ownership was the only question litigated on the trial. The plaintiff claimed upon the trial that the note in question had been given to her by her husband in his life-time. The only evidence tending to prove such ownership was the following:

"Harriet Edgar, a witness for the plaintiff, testified that she attended the deceased husband in his last sickness, and that on the night of his death, and about three hours before his decease, the deceased 'told me that his pocket-book was under the feather bed, just under his shoulders, and for me to take it, and give it to his wife when she came; that there was some money and papers in it that would be of value to her, as she would need them. He afterwards died, at 1 o'clock in the morning. I continued there, remaining with his corpse, until about 9 o'clock in the morning, eight hours after he died, when Mr. Dyer Williams came into the room; and Mr. Williams turned the corpse over, and I took the pocket-book referred to out from under his shoulder, and gave it to Mr. Williams, telling him that Mr. Wilcox requested me to give the pocket-book to his wife; and Mr. Williams took the pocket-book, saying he would give the same to *Mrs. Wilcox* if she came, and if she did not come he would send it to her. From the time of his death until Mr. Williams came, I had exclusive charge of the room in which the deceased lay, and was not out of the room five minutes during all that time.'

"Dyer Williams, a witness for the plaintiff, testified that he saw Wilcox about six hours after he died. 'When I arrived in the room where the corpse was, Mrs. Harriet Edgar, his nurse, told me that Mr. Wilcox, the night before, had requested her to give a certain pocket-book under his shoulder to his wife, as he wanted his wife to have it, and that he wanted the nurse to see that his wife got it herself. I then moved the corpse so that the nurse could get the pocket-book, and then she gave it to me, and requested me to give it to *Mrs. Wilcox*. I took the pocket-book and kept it in my possession until *Mrs. Wil-*

cox arrived, and then gave it to *Mrs. Wilcox* between 8 and 9 o'clock in the evening after her husband died, delivering the message the nurse had communicated to me concerning its disposition — that it was a gift from her husband.'

" The plaintiff herself testified that the note in suit was in the pocket-book when it was delivered to her, and that it was indorsed by the deceased in his own handwriting. She also testified that she had been duly married to the deceased, and that the deceased died without leaving any children or other lineal descendants.

"Upon this evidence the learned circuit judge directed a verdict for the plaintiff. To this ruling the defendant duly excepted; and he appeals to this court from the judgment rendered upon such verdict."

*Harlow Pease*, for the appellant.

Whether the gift be *inter vivos* or *causa mortis*, the title does not pass without actual delivery. 2 Kent's Comm., 438–9; *Curry v. Powers*, 70 N. Y., 212. The death of Wilcox operated as a revocation of the direction he gave to Mrs. Edgar. *Simmons v. Cincinnati Savings Soc.*, 31 Ohio St., 457. The deceased did not, during his life-time, divest himself of the dominion or control over the note. *Taylor v. Henry*, 48 Md., 550; *Young v. Young*, 80 N. Y., 422; *Borneman v. Sidlinger*, 15 Me., 429; *Parker v. Marston*, 27 id., 196; *Dole v. Lincoln*, 31 id., 422; *Hatch v. Atkinson*, 56 id., 324. There must be some *act* of delivery. *Cutting v. Gilman*, 41 N. H., 147.

For the respondent there was a brief by *R. B. Kirkland* and *I. W. & G. W. Bird*, and oral argument by *Wm. H. Rogers:*

1. It is sufficient if the delivery be such as the circumstances of the case and the *actual position of the thing given* will permit. 1 Parsons on Con. (6th ed.), 234, 236; *Grangiac v. Arden*, 10 Johns., 293. The fact that the donor left the note where his beneficiary might take it after his death,

dispenses with any further formality to complete the gift. *Fulton v. Fulton*, 48 Barb., 581; *Penfield v. Thayer*, 2 E. D. Smith, 305; *Allen v. Cowan*, 23 N. Y., 502; *Stevens v. Stevens*, 2 Hun, 471.   Total exclusion of the power or means of resuming possession by the donor is not necessary. *Cooper v. Burr*, 45 Barb., 9; *Hunter v. Hunter*, 19 id., 631; *Gardner v. Gardner*, 22 Wend., 526.   In *Southerland v. Southerland*, 5 Bush, 591, the note was in the hands of a third person, who was directed to give it to the donee, and this was not done until after the donor's death; yet the gift was sustained because there was the only delivery possible at the time and under the circumstances.   2. If there was no gift, the note became plaintiff's under subd. 1, sec. 3935, R. S., as "personal property selected" by the widow.   In this state no order of the county court is necessary to secure this allowance to the widow.   *Tomlinson v. Nelson*, 49 Wis., 679.   A separate inventory of the allowance is required to be made, and it. is provided that "the same shall not be assets in the hands of the executor or administrator."   The property named in that subdivision becomes the property of the wife at once, upon the death of the husband.   *Vedder v. Saxton*, 46 Barb., 188; *Sheldon v. Bliss*, 8 N. Y., 31.

TAYLOR, J.   Upon this appeal the defendant alleges as error, that the evidence produced on the trial shows affirmatively that the note upon which the action was brought was not owned by the plaintiff, but belonged to the estate of her deceased husband, and that the evidence offered for the purpose of showing a gift of the same by the deceased to the plaintiff during his life-time, failed to show such gift.   We are constrained to agree with the learned counsel for the appellant that there is no evidence in the case which shows any delivery of the possession of the pocket-book and its contents during the life of the husband to the plaintiff, or to any other person, for her use.   If we construe the language of the deceased

most favorably for the plaintiff, and that his request to the nurse Edgar was that she should immediately, and before his death, take the pocket-book into her possession and keep it for and deliver it to his wife when she came, as her property, still the evidence fails to show that the possession passed from the deceased to the nurse for the use of the plaintiff until after his death. The nurse states that she did nothing, after the deceased instructed her what to do with the pocket-book, until several hours after his death. Admitting that the nurse might have received the possession of the property for the plaintiff in her absence, and that the actual receipt of it by her, in the life-time of the deceased, would have been effectual to pass the title to the plaintiff, the fact remains that she did not take possession during his life. If this can be upheld as a gift, then it must be upheld on the ground that the possession of the property passed by force of the words of the deceased, expressing a desire that it should pass.

We know of no case where a gift has been upheld when no act has been done tending to change the possession of the property which is the subject of the gift from the donor to the donee. The pocket-book was in the actual possession of the donor at the time when the conversation between him and the nurse took place, and it so remained until his death, without any change in its location, or any attempt to change the same. There is no doubt of the intent of the deceased to give the property to his wife, but there is an entire absence of proof of any act done either by him or by the nurse standing in the place of the wife, which tends to show any surrender of the possession by the husband, or any taking possession thereof by the nurse during the life of the husband. To make a gift perfect, all the cases hold that the possession of the subject of the gift must pass from the donor to the donee. This has been so decided by this court, and it is therefore unnecessary to resort to the decisions of other courts to sustain our ruling in this case. See *Wilson v. Carpenter*, 17

Wis., 512; *Resch v. Senn*, 28 Wis., 286. In the first case cited, this court adopted the rule laid down by Chancellor Kent in his Commentaries, as follows: "Delivery in this, as in every other case, must be according to the nature of the thing. It must be an actual delivery, so far as the subject is capable of delivery. It must be *secundum subjectam materiam*, and be the true and effectual way of obtaining the command and dominion of the subject. If the thing be not capable of actual delivery, there must be some act equivalent to it. The donor must part not only with the possession, but with the dominion of the property. If the thing given be a chose in action, the law requires an assignment or some equivalent instrument, and the transfer must be actually executed."

In the case at bar, the subject of the proposed gift was of such a character that an actual delivery could have been made, but none was made. The possession remained in fact exactly the same after the direction given to the nurse as it was before, and so continued until the death of the donor.

. We think the evidence clearly shows that the title to the note remained in the deceased husband at the time of his death, and that the learned judge erred in directing a verdict for the plaintiff.

Upon the argument in this court, the learned counsel for the respondent claimed that the judgment might be upheld upon the ground that the widow was entitled to the note under the provisions of subdivision 1, sec. 3935, R. S., which provides that, upon the death of her husband, the widow shall be allowed certain specified property, and, in addition thereto, household furniture not exceeding in value $250, and other personal property not exceeding in value $200, to be selected by her. The difficulty with this claim is, that the note in question is not one of the specific articles of property which the statute allows to her, and there is no evidence that she had selected the note as a part of the other property, not exceeding $200, to which she is entitled. In order to entitle the

plaintiff to hold this note as a part of the property of her husband, which is given to her by the section of the statute above quoted, she must show that it has been selected by her. In the absence of any proof on that subject, we cannot say that the plaintiff acquired any title to it under said section. See *Resch v. Senn, supra.*

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.