WELLS, Respondent, vs. COLLINS, Appellant.

*September 4 — September 24, 1889.*

*(1) Gifts inter vivos: When title passes. (2) Agency: Conversion of moneys collected.*

1. Moneys collected by an agent under a direction to pay the same to a third person do not become the property of the latter until paid to him or credited to him with his knowledge and consent.
2. Any application of such moneys by the agent other than as directed would be an unlawful conversion, notwithstanding the fact that as to other moneys collected the principal had been accustomed to treat the agent merely as his debtor.

APPEAL from the Superior Court of *Milwaukee* County.
The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought to recover for the wrongful con-

version of certain sums of money collected by the defendant for the plaintiff, and converted by defendant to his own use. The material facts as shown upon the trial are the following:

In 1883 the defendant was the agent of the plaintiff, *Daniel Wells, Jr.,* in collecting rents and other moneys for him. At the same time he was also the agent of William S. Wells, collecting rents and transacting other business for said William S. Wells. The plaintiff was the owner of a certain dwelling-house situated in the city of Milwaukee, and on or about the —— day of ——, 1883, he directed said defendant to collect the rents which should thereafter become due to him from the tenants of said premises, and pay over the money so collected to his brother, William S. Wells. This direction to collect the rents and pay the same to William S. Wells, was intended as a gift from the plaintiff to his brother, William S. Wells. After the giving of this direction, and before the commencement of this action, the defendant collected rents from the tenants of said dwelling-house to the amount of $368.20. Of this sum the defendant paid $50, and no more, to said William S. Wells. Before the commencement of this action the plaintiff demanded of the said defendant the said money so collected by him and not paid to said William S. Wells, and the defendant refused to pay over the same or any part thereof.

On the trial there was no dispute as to the amount of the rents collected, or the amount actually paid over by the defendant to William S. Wells; and the plaintiff recovered the amount of said rents, less the $50 admitted to have been paid to William S. Wells, and the commissions due the defendant for collecting the same. The defendant appealed from the judgment.

For the appellant there was a brief by *Turner & Timlin,* and oral argument by *W. H. Timlin.*

*J. R. Brigham,* for the respondent.

Taylor, J. The appellant claims that the respondent was not entitled to recover in this action — *First*, because he alleges that the evidence shows that the respondent had no title to the money collected by him at the time of the commencement of this action, or at any time after he had collected the same, and alleges that immediately upon his collecting said rents they became and were the property of the said William S. Wells. *Second.* Admitting that the rent so collected by him was the money of the respondent, still, according to their course of dealing in regard to rents collected by the appellant for the respondent, the appellant became the debtor of the respondent for the amount collected, and was under no obligation to pay to him the same money collected by him.

In order to sustain the first contention the learned counsel for the appellant contends that the evidence shows that the appellant notified William S. Wells that he was collecting the rents of the house in question for his benefit and use, and that there was at least an implied understanding between him and said William S. Wells that as fast as he collected the same they should be placed to the credit of said William S. Wells, and that they were so placed to his credit before the respondent revoked his authority to collect and pay over to William S. Wells. It may be admitted for the purposes of this case that if William S. Wells had been notified of the direction of the respondent to pay the rent to him, and he had directed the appellant to credit the same to his account with the appellant as fast as collected, such direction would have been an acceptance of the gift, and that the title to the money would have vested in William S. Wells as fast as the same was collected by the appellant. This claim of the appellant was contested by the respondent, and the court has found against the appellant. Upon this issue William S. Wells testified that he knew nothing of the direction of respondent to the appel-

lant, to pay to him the rents of said building, and that the appellant never informed him of the fact at any time until after respondent had revoked his authority given to the appellant to collect and pay over said rents to William S. Wells. The court has found as a fact that the testimony of said William S. Wells upon this issue is true, and that no notice was ever given by the appellant to William S. Wells of the direction given to the appellant to pay said rents to him, and consequently that there was no implied or other direction to the appellant to credit him in his account for such rent or any part thereof.

It does not need any argument to show that until William S. Wells knew of the direction given by the respondent to the appellant no title to the money so collected passed to him. The title remained in the respondent, and he could revoke the order and require the money to be paid to himself. A gift *inter vivos* does not become perfected so as to change the title to personal property until the donee gets actual possession thereof, either by himself or his authorized agent. *Wilcox v. Matteson*, 53 Wis. 23; *Wilson v. Carpenter*, 17 Wis. 512; *Resch v. Senn*, 28 Wis. 286. In the case at bar the rents were collected by the appellant as the agent of the respondent, and not as the agent of the donee, William S. Wells; consequently the mere receipt of the rents by the appellant was not a delivery of them to William S. Wells, the donee.

We think it very clear that the contention that the respondent was not the owner of the rents collected by the appellant, and which were not paid over by him to William S. Wells, or credited to him on account by said appellant with his knowledge and consent, is not sustained by the evidence.

The other contention, that the only relation of the respondent to the appellant in regard to the rents collected by him under the direction given is that of creditor and

debtor, is equally without foundation. Holding, as we must, under the evidence and findings of the court, that the rents were collected by the defendant as the agent of the respondent, under direction to pay the same to William S. Wells when collected, there can be no reasonable doubt but that the money when collected was the money of the respondent, and any application of such money by his agent other than the one directed would be a conversion of the money so collected and received. There could be no doubt in relation to the matter if the respondent had collected the rents himself and handed the money to the appellant, with directions to pay it to William S. Wells, and the appellant had neglected to pay it over and converted it to his own use. When he receives the money of the tenant of the respondent as agent of the landlord, does he not in law receive the money as the money of the landlord? It certainly is not the money of the agent when received, unless there be some agreement between the landlord and agent, either express or implied, that such money shall be considered the money of the agent, and that only the relation of creditor and debtor shall exist between the parties as to the money so received. Such was the decision of this court in *Cotton v. Sharpstein,* 14 Wis. 226. In the opinion in that case, Justice PAINE, after a full discussion of the question, says: "We have found no case where the exact question now under discussion has been decided. But we are satisfied that it is the clear result of principles well established that it is the duty of the agent to keep money collected by him for the principal, to whom it belongs, and that if, in the absence of any authority, express or implied, to treat it as his own, and himself as a mere debtor, he wrongfully converts it to his own use, he is liable to an action of trover and to all the legal consequences of such an action." In *In re* ——, 30 Eng. Law & Eq. 390, Lord CAMPBELL said: "Those bills were chattels, sent to him to be applied to a specific pur-

pose, for the benefit of the client, and he could not honestly mix the proceeds of those bills with his own proper money. . . . Unless there was some evidence of condonation on the part of the client, we cannot treat this as a case of mere debt." So in the case at bar, the rent money came to the hands of the appellant for a specific purpose, and he cannot divert the money from that purpose without the consent, express or implied, of the respondent. In this case the court has, upon sufficient evidence, found that no such consent was given.

The fact, if such be the fact, that the respondent had treated the appellant as his debtor for other rents collected by him, would not help the appellant as to the rents collected under the order to pay the money so collected to William S. Wells. Such direction took these rents out of the course of general dealing between the parties, and appropriated them to a particular purpose; and, according to the findings of the court, which are clearly supported by the evidence, the appellant did not appropriate them to such specific purpose, but, on the contrary, converted them to his own use, without the consent, either express or implied, of the respondent or of William S. Wells.

We think the case was properly decided by the superior court.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.