MADISON TRUST COMPANY, Administrator, Appellant, vs. SKOGSTROM, Respondent.

*September 17—October 13, 1936.*

For the appellant there was a brief by *Curkeet & Van Wolkenten* of Madison, and oral argument by *Wm. R. Curkeet*.

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Roman Heilman*.

FAIRCHILD, J.   If the debt, evidenced by the written certificate, became the property of respondent December 1, 1933, as ruled by the trial court, there is no estate to be administered, and no property out of which to satisfy the bequest to Mrs. Ferris.   Since there was no consideration for an assignment by Crowley to respondent, the correctness of the decision below rests upon the conclusion that the legal effect of all that occurred was a gift to her.   The undisputed evidence shows that Mr. Crowley did not direct or authorize a new agreement to be substituted in the place and stead of the one between him and the Central Wisconsin Trust Company.   The transaction did not go beyond the signing of an assignment of the existing chose in action.   The question to be investigated is relative to the full and proper effect to be given to this assignment in view of all that happened between respondent and Mr. Crowley.   Was a gift actually completed?   His acts on the tenth of December in making his will are without legal consequence as affecting the certificate unless he had not parted with, but really retained dominion over and title to, the chose in action.

The generally accepted rule is that in every gratuitous transfer of title from one person to another there must be an actual or constructive delivery of the subject matter of the gift or transfer. The cases recognize as essential elements in these matters: (1) Intention to give; (2) delivery; (3) end of dominion of donor; (4) creation of dominion of donee. *Wells v. Collins,* 74 Wis. 341, 43 N. W. 160; *Crook v. First National Bank of Baraboo,* 83 Wis. 31, 52 N. W. 1131; *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948. It is said in *Northwestern Mut. Life Ins. Co. v. Wright,* 153 Wis. 252, 256, 140 N. W. 1078:

"The transition may be accomplished by acts or words, or both, showing intention to part with title and deprivation of dominion over the thing or paper calling therefor."

The subject matter of the alleged gift is a debt represented by a trust certificate in which the Central Wisconsin Trust Company agrees to invest for the use and benefit of the owner of the certificate money left with it for such purpose. There are provisions for notice and payment of interest and principal. Physical possession of this particular certificate was at all times retained by Mr. Crowley, with the exception of the few moments it was in the hands of the Central Wisconsin Trust Company to note the assignment. If the gift was ever completed, it was by some means other than physical tradition of the thing involved, representing, as it did, a chose in action. Does the evidence disclose a present intention on December 1, 1933, to part with title to the rights under the trust agreement? Delivery, if there were any, would be such evidence. *McKenzie v. Harrison,* 120 N. Y. 260, 266, 24 N. E. 458. The rights claimed by respondent are evidenced by a written contract, and the certificate is so related to those rights as to warrant the statement that it is the foundation for the enforcement of any claim under its terms against the obligor. The certificate was not delivered to the assignee, but on the contrary, delivery was rather pointedly refused.

After the noting of the assignment by the Central Wisconsin Trust Company, Mr. Schenck left the certificate on the corner of his desk. What occurred thereafter was not witnessed by him. His testimony is that he did not know who picked it up or "who had possession of it when the people left my desk, I can't recall." He stated that he did not know what happened to it after that; that he thought that when Mr. Crowley left, he had taken the trust agreement back into his possession. Mr. Ferris testified that when the certificate with the assignment on it was returned to Mr. Schenck's desk, the suggestion was made that he turn it over to respondent, to which Crowley replied, "Oh no. Oh no, I will keep that myself, I will take care of that." Before executing the assignment, he had told respondent that he did not want to "sign it over to her" and that "he wanted it fixed in case something happened to him." The respondent was not a witness upon the trial. One of the errors assigned is based on the sustaining of an objection by respondent to testimony tending to prove an admission by her that her father did not want to give her the certificate and that she had not had it in her possession. This ruling need not be treated with because of the conclusion reached on the evidence admitted and returned in the bill of exceptions. There was execution of a written assignment on the back of the evidence of debt. The Central Wisconsin Trust Company was notified of the assignment, but it also knew that the original owner was retaining physical possession of both the agreement and the assignment. Can it be said that Mr. Crowley's acts and words showed an intention immediately to part with title, and that he deprived himself of dominion over the debt represented by the trust agreement? The circumstances compel the conclusion that the owner did not at the time of the assignment intend anything so final as is now claimed by respondent.

*Northwestern Mut. Life Ins. Co. v. Wright, supra,* is advanced as supporting the claim of respondent and upholding

the decision below. That case, however, dealt with the assignment of one of two interests in a life insurance policy; the other being retained by the assignor himself. The mere retention of the policy by the assignor was there held not to be inconsistent with the assignment of that interest because the assignor's reserved interest still remained in him. Here, if Mr. Crowley actually intended to part with control over the subject matter of the gift, no occasion existed for his retaining the assignment and certificate. It has been held that where the owner of a note had it drawn payable to another, to whom he never gave it, no gift occurred. *Tobin v. Tobin,* 139 Wis. 494, 121 N. W. 144. An unexpressed intention not to give, as in the *Tobin Case,* cannot be more effective to show the nonexistence of a gift than positive refusal to complete it. Crowley's determination to retain dominion over the tangible token is so pronounced, and the evidence of it so convincing, that the only supportable inference is that no dominion over the chose in action was ever created in the respondent.

The testimony offered by respondent to the effect that the obligor considered respondent the owner of the rights under the certificate is not controlling since the Central Wisconsin Trust Company has not changed its position in reliance upon the assignment. It is still liable to the lawful owner of the debt and to no one else. It might expect that the gift was or would be completed. But had respondent sought to realize on any rights under the certificate, the Central Wisconsin Trust Company would, if acting with approved caution and in accordance with usual care, have required the production and surrender of its contract. Restatement, Contracts, comment *a*, § 158. Payment to a donee upon surrender for that purpose would, of course, satisfy the requirement of a complete gift and constitute a tradition good in law. Those circumstances do not exist in this case, and one seeking property as a donee cannot ask a court to complete a gift or to re-

quire the alleged donor to do that which he refused to do, and what his unequivocal acts, objectively viewed, show he did not intend to do. We must conclude that the writing and the treatment of the whole matter by Crowley can at the most amount to nothing more than a revocable assignment. Were he alive today, the situation being otherwise the same, and respondent seeking to compel specific performance, her complaint would have to be dismissed. The assignment, still in his possession, might be evidence of a promise to give, but that promise, being without consideration, would be of no use to respondent. In *Appeal of Walsh*, 122 Pa. 177, 15 Atl. 470, it was said:

"In the case of money on deposit or loaned out, the certificate of deposit or the bill, note or bond may be delivered properly indorsed, and it will confer on the donee an absolute title to the fund represented by it. But if there remains something for the donor to do before the title of his donee is complete, the donor may decline the further performance and resume his own."

As the case now stands, the assignor did not deliver the assignment either to respondent or to a third party for the benefit of respondent. No new certificate was issued. He notified the obligor of the assignment, but did not deliver the contract nor the assignment to the assignee. Simply notifying the obligor that he has made a revocable assignment, which is the most that can be said of the instrument executed December 1, 1933, cannot be held to convey a title, nor can such assignment and notice be effective until the power to revoke has been lawfully eliminated by authorized payment by the obligor or delivery of the evidence of debt, or some other adequate circumstance or act. Dealing with a similar situation, the New York court of appeals said:

"We are not prepared to hold that the simple indorsement on a bond payable to bearer, of the name of another party than the true owner, made at his request and at the office of

the company issuing the bond, and by an officer thereof, passes the title to the bond to the party whose name is thus indorsed. An owner of a bond may intend to give it to another, and for that purpose he may obtain such an indorsement, but that does not constitute a delivery of the gift to such person. The owner may subsequently change his mind, and we do not say that he could not effectuate such change without the aid of an intended donee to whom he had never delivered the gift. The most that the evidence shows is an intention to make a gift of these bonds, but the material fact of a delivery is entirely unproved and cannot be implied from the evidence. . . .

"If an owner of shares of stock in a corporation, intending to give them to A., should take the scrip to the office of the company and surrender it and receive new scrip in the name of A., has he by this mere change of title on the books of the company, while retaining the entire possession and control of the scrip, and without any delivery thereof to A., accomplished a valid executed gift of the ownership of the shares to his intended donee? We should say clearly not. In this case the bonds belonged to the donor, as all agree, up to the time of the delivery for registry. After that, even if it be assumed that they were in consequence thereof rendered nonnegotiable, how does that change the title? How does it divest the original owner of his right to the bond and to its possession and control? Could the intended donee maintain an action against the donor to obtain its possession? We think not, and for the very good reason that it would not belong to him." *Matter of Crawford,* 113 N. Y. 560, 565, 567, 21 N. E. 692, 693.

No question can be entertained as to there being a failure to deliver and there being a retention by Crowley of dominion over the subject matter, for, as said in *Northwestern Mut. Life Ins. Co. v. Wright, supra,* at page 256:

"It will be observed that the dominant circumstances in a case involving the question of whether, in a case of this sort, there was an efficient delivery, are whether the acts or words, or both, evince an intent to pass title, and whether dominion over the subject was surrendered in favor of the new owner."

The only theory to be gathered from the cases in this jurisdiction is that such a writing as that of December 1, 1933, confers no enforceable right. It is a mere step in a process which is incomplete until the delivery of a tangible token or written evidence of debt to the donee has made it legally effective. Restatement, Contracts, § 158. Death of the donor before the completion of the process of making a gift renders permanent its imperfection and lack of effect. *Trubey v. Pease,* 240 Ill. 513, 88 N. E. 1005.

The findings of fact to the effect that there was a new agreement entered into between the Central Wisconsin Trust Company, Crowley, and Elenore Skogstrom, and that Crowley had devested himself of dominion over the chose in action are against the great weight and clear preponderance of the evidence. The evidence negatives any delivery, either actual or constructive, and can only sustain a finding that the gift was not completed. The conclusions of law that respondent is entitled to all the rights against the Central Wisconsin Trust Company evidenced by the trust agreement, and that appellant has "no interests of any kind or nature in said rights," and to the effect that the respondent is entitled to the possession of the document, are without support.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of plaintiff, granting the relief prayed for and in accordance with this opinion.