WALTER, Executor, Respondent, vs. WYK and wife, Appellants.

*May 25—June 21, 1937.*

*Joseph L. Gottschlich* of Kenosha, for the appellants.
*Chester D. Richardson* of Kenosha, for the respondent.

FAIRCHILD, J. The defendants claim that the subjects of the suit belong to them. The plaintiff, alleging his appointment as executor and the authorization by the county court of Kenosha county to proceed in this action, complains that during the month of September, 1935, the defendants wrong-

fully took possession of the note and mortgage and unjustly detain the same. The answer admits the execution of the note and mortgage wherein certain real estate mentioned and described was mortgaged to the extent of $1,600 in favor of Mary Gusky. They deny that the note and mortgage were ever delivered or were ever the property of the said Mary Gusky. At the close of the evidence it appeared without dispute that Mary Gusky had turned over to the defendants $1,600 of her money; that thereafter the defendants duly executed a note and mortgage in that amount and caused the insurance upon the buildings on the property to be made payable to Mary Gusky. Nicholas Wyk was asked why he directed the drawing of that note and mortgage; he testified:

"To give my mother-in-law protection in case I should die first. To show she had given me that money."

The evidence also showed that one Lilly Baum had custody of her papers and acted in that respect for Mary Gusky, the papers being kept in a safety-deposit box rented by Mrs. Baum. The note and mortgage were delivered by the defendants to Mrs. Baum, who placed them in the safety-deposit box usually used by Mrs. Gusky for such purposes, and they there remained until after her death. Mrs. Gusky lived with the defendants under an arrangement to pay them $10 a month. There is some claim that she discontinued making payments after the execution of the mortgage, and the defendants now seek to establish a gift of the note and mortgage or of the money by Mary Gusky to them. The evidences of debt under the state of the evidence were always in the possession of Mary Gusky. If she ever entertained the intention of making a gift of them to the defendants, certainly that intention was not carried out. *Madison Trust Co. v. Skogstrom*, 222 Wis. 585, 269 N. W. 249. The trial court submitted a question to the jury as to whether a gift had been made. The jury answered "Yes." Upon motions

after verdict, the court set the verdict aside because it was satisfied that the essentials of a valid gift *inter vivos* did not exist. He changed the answer to the question from "Yes" to "No," and made findings of fact and stated his conclusions of law consistently with that ruling. His findings cover ultimate facts involved in a replevin action and unnecessary to be repeated here. His final conclusion was that the testimony did not justify the conclusion that Mary Gusky gave the $1,600 to defendants Wyk, but, on the contrary, that she lent it to them and that the executor is entitled to the note and mortgage in question as part of the estate of Mary Gusky, deceased. In view of the result reached, there is no occasion to review all the assignments of error. This case, however, was tried in connection with a similar action, in which Lilly Baum is defendant, to recover certain bonds which Lilly Baum claimed had been given to her. The court overruled an objection to the trial of the two cases together because in his opinion the consolidation of the cases for trial was merely a union of convenience which would not prejudice either party upon a joint trial. We find no prejudicial error.

*By the Court.*—Judgment affirmed.