Cross, Respondent, vs. BARNETT, Appellant.

*February 23 — March 16, 1886.*

*Deed: Presumption of delivery from record: Parent and child: Evidence: Court and jury.*

A conveyance of land in which Amos W. Cross (then about fifteen years old) was named as grantee was taken by his father, Ansel A. Cross, who paid for the land, had the deed recorded, and thereafter retained possession of the instrument until his death, twenty-four years later. The son did not know of the existence of a deed in which he was named as grantee until after his father's death. Upon evidence tending strongly to show that the father claimed that there was a mistake in the deed, in that he should have been named as grantee instead of his son; that he attempted to correct the mistake after the deed was recorded; that he took possession

of the land, paid the taxes, exercised many acts of ownership, claimed the land as his property, contracted to sell it, and finally conveyed it in his own name after having had possession more than twenty years — it is *held* to have been a question for the jury whether the original conveyance was intended by the parties thereto to run to the son, and, if so, whether it was delivered to and accepted by the father for the benefit of the son. Such evidence was sufficient to overcome the presumption from the record that the deed was duly delivered to the grantee named. *McPherson v. Featherstone*, 37 Wis. 632, and *Allen v. Allen*, 58 id. 202, distinguished.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The cause was before this court on a former appeal, and is reported in 61 Wis. 650. The lands were formerly owned by one George W. Beckwith. The plaintiff claims title by virtue of a deed from said George W. Beckwith to one Charles W. Watson; a deed from Watson and wife to one Henry A. Beckwith; and a deed from Henry A. Beckwith to the plaintiff. The defendant claims title by virtue of a deed from George W. Beckwith to him, made long after the deed from George W. Beckwith to Watson; a deed from Ansel A. Cross and wife to him; and adverse possession by him and his grantor, under claim of title, for more than twenty years.

At the close of the second trial the court directed the jury to return a verdict for the plaintiff. From the judgment entered on such verdict the defendant appealed. Other facts will appear from the opinion.

For the appellant there was a brief by *Pike & Van Keuren*, and oral argument by *Mr. Pike.*

For the respondent there was a brief by *Houghton & Haddock*, and oral argument by *Mr Houghton.*

COLE, C. J. Assuming that the learned trial judge was justified in withdrawing from the jury the question whether the deed from George W. Beckwith to C. W. Watson was

executed in due form, so as to pass the title to the grantee in that conveyance, still there were other material questions of fact which should have been submitted to the jury. It is to be borne in mind that in this action the plaintiff must recover on the strength of his own title, and not from the weakness of the title of his adversary. The circuit judge seemed to think the plaintiff established a perfect title to the premises when he showed that the deed from George W. Beckwith to Watson was properly executed and delivered, and that this fact was conclusively proven by the testimony. But it was incumbent upon the plaintiff in this case to go further. True, he offered in evidence the record of the deed from Watson and wife to Henry A. Beckwith; also the record of a deed from Henry A. Beckwith to *Amos W. Cross*, dated March 23, 1855. This it is claimed established a perfect title in him. But no evidence was offered to show that this last deed was ever delivered to the plaintiff, or to any one for his benefit, so as to become operative. Such a delivery was, of course, indispensable in order to pass the title. It is said the record affords presumptive evidence of the valid execution and delivery of this deed under sec. 4156, R. S. That section provides that the record of an instrument authorized to be recorded shall be received in evidence without further proof thereof; but such evidence, and the effect thereof, may be rebutted by other competent testimony. The evidence in this case strongly tends to repel or overcome the presumption that there was a valid delivery of this deed, which would otherwise arise under this section. It is an indisputable fact that this deed was executed when the plaintiff was about fifteen years of age. It was taken by his father (whose name was Ansel A.), who paid for the land and put it upon record. The instrument remained in the possession of the father until his death. The plaintiff never had possession of it, and did not even know of the existence of a deed in which he was named as grantee until

after his father died.[1] The testimony strongly tends to prove that the father claimed that there was a mistake in the deed; that the name of the grantee therein should have been Ansel A.; and that he attempted to correct this mistake after the deed was put upon record. True it is, the original deed, which was sent up in the record, shows upon its face that a change in the name of the grantee from "Amos C." to "Ansel A." has been attempted to be made by some one. Further, the testimony is strong, if not conclusive, showing that the father took possession of the land, which was a wood lot, on the execution of the Henry A. Beckwith deed; that he procured his fire-wood from that land for many years; that he paid the taxes upon it, exercised various acts of ownership over it, claimed it as his own property, made a land contract for the sale of the premises in dispute in March, 1877, and finally in October, 1878, conveyed such premises by warranty deed in his own name to the defendant. In view of this state of the evidence, it was surely a question for the jury to determine whether there was not a mistake made originally in the name of the grantee in the Henry A. Beckwith deed; whether it was intended by the parties to be a conveyance running to the plaintiff; and, if so, whether it was delivered to and accepted by his father for his benefit.

The plaintiff's counsel relies upon the rule that where the grantor delivers the deed to a third party, intending it for the benefit of the grantee, who is ignorant of its execution, if such grantee, on being informed of the fact, accepts the conveyance, it is deemed a good delivery, and vests the title in the grantee. That rule is well established, and has been acted upon by this court. *McPherson v. Featherstone,* 37 Wis. 632, and cases cited in the opinion. But in these cases there was no claim that there was any mistake in the deed, nor was there any doubt or uncertainty as to who was act-

---

[1] Ansel A. Cross died January 31, 1879.— REP.

ually intended to be the grantee therein. In the *McPherson Case* the land was purchased by Alexander, and by his direction the deed was made to the plaintiff. Alexander assumed to act for the grantee in accepting the deed; and while the evidence showed that Alexander entered into the possession of the premises immediately after the execution of the deed, improved the land, built upon it, occupied the house as a homestead, paid taxes, and exercised acts of ownership over the property, it did not appear that he entered in hostility to the plaintiff, or that he denied the rights of the latter under the deed up to the time of his death. Here, as we have said, the testimony strongly tends to show that the father denied that the plaintiff had any rights in the land, and would not even allow him to take fire-wood from it without his permission. The father claimed that there was a mistake in the name of the grantee; that the land belonged to him; and finally sold and conveyed it in his own name after having had possession for more than twenty years. The important facts in the case in 37 Wis. and this are so dissimilar that the cases do not come within the range of the same principle of law.

It is obvious that *Allen v. Allen*, 58 Wis. 202, is equally inapplicable. There the father entered the land purposely in the name of his son, went into possession under the title of his son, and recognized that title for many years after he took possession; but here all the acts of the father, in claiming to own the land, in the use and control he exercised over it from the time he took possession, are only consistent with a theory that there was some mistake in the Beckwith deed; certainly they are utterly irreconcilable with the idea that he accepted that deed as the agent of the plaintiff and for his benefit. It was therefore essential for the plaintiff, in order to prove title in himself, to show a valid delivery of that deed. His title rested upon it, and he was not entitled to recover without establishing the fact

to the satisfaction of a jury. He was put to this proof under the answer, which contains the general denial and sets up the statute of limitations.

As this point is decisive of the case, we shall not consider the other questions argued by counsel.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.