CERNEY, Appellant, vs. PAWLOT and others, Respondents.

*April 8 — May 15, 1886.*

*(1) Parent and child: Advancement: Mortgage: Delivery. (2, 3) Unauthorized discharge: Laches: Innocent purchaser. (4) Foreclosure: Limitation.*

1. By the direction of one who paid the consideration for a note and mortgage, his daughter was named therein as payee and mortgagee. *Held*, that the delivery of the instruments to the father inured at once to the benefit of the daughter, by way of advancement to her. *Cross v. Barnett*, 65 Wis. 431, distinguished.

2. In such case the father could not receive payment of the debt and cancel the securities.

3. A mortgage was given to Josepha D., designated therein as a female. A person having no authority so to do caused a satisfaction to be entered of record, purporting to be executed by Joseph D. and signed with "his mark." *Held*, that the insufficiency of such satisfaction was patent, and no duty of diligence was imposed upon the mortgagee to avoid it or have it canceled.

4. A mortgage may be foreclosed though the statute of limitations has run against the note secured by it.

APPEAL from the Circuit Court for *Kewaunee* County. •

The action was brought to foreclose a mortgage on forty acres of land in Kewaunee county, executed by the defendants *Joseph Pawlot* and wife to the plaintiff, by the name of *Josepha Drichta*. The mortgage was dated July 3, 1868, and recorded in the proper office four days later. The condition thereof was the payment by the mortgagors to the mortgagee of $200 in five years from the date thereof, without interest, according to a note of the same date executed to the plaintiff by the mortgagor, *Joseph Pawlot*. Four other persons, alleged to have or claim some interest in the mortgaged premises accruing subsequently to the mortgage, and subject to it, are made defendants in the action.

Mathias Drichta was the father of the plaintiff. He

owned the mortgaged land in 1868, and conveyed, or caused the same to be conveyed, to the defendant *Joseph Pawlot.* The mortgage in suit, and the note it was given to secure, were for a portion of the purchase money, and were executed to the plaintiff by direction of her father. *Pawlot* delivered the same to Mathias, who procured the mortgage to be recorded, and retained the note and mortgage in his own hands. The plaintiff was then about fifteen years old. In 1869 Mathias attempted to release the mortgage by an entry in the record thereof as follows:

" I, Joseph Drichta, hereby acknowledge satisfaction and payment in full of these mortgage, and discharge the same of record.

" *Dated May 6, A. D. 1869.*

" Joseph   X   Drichta.<br>his<br>mark.

" Done in presence of

" Fred. Johannes, Register."

He then destroyed both the note and the mortgage. At the same time *Pawlot* conveyed the mortgaged lot to one Wandrash by deed of quitclaim. Afterwards Wandrash conveyed the land in parcels to some of these defendants. The circuit court found that the mortgage debt was paid to Mathias.

In 1871 the plaintiff intermarried with one *Cerney.* Mathias Drichta died in 1882. It does not appear that he left any children other than the plaintiff. He left surviving him a wife, who is the mother of *Mrs. Pawlot,* but not of the plaintiff. This action was commenced in 1883.

The foregoing facts appear by the pleadings, proofs, and findings. The court also found that Mathias did not intend the note and mortgage as an advancement to his daughter, and held her chargeable with laches fatal to her action, in that she did not assert her alleged rights earlier.

The conclusions of law are that the plaintiff has no title to the note and mortgage, or interest therein; and that the

payment to Mathias Drichta of the debt secured by the mortgage is conclusive against the plaintiff. The plaintiff appeals from a judgment against her dismissing her complaint on the merits, with costs.

For the appellant there was a brief by *Sedgwick & Byron*, and oral argument by *Mr. Sedgwick*. They contended, *inter alia*, that when a conveyance was taken in the name of the wife or child of the purchaser, the presumption at common law was that it was intended as a settlement upon or advancement to the nominal grantee, and if the purchaser claimed a resulting trust he must rebut this presumption. Perry on Trusts, secs. 143–147; *Flemming v. Donahoe*, 5 Ohio, 255; *Tremper v. Barton*, 18 id. 418; *Partridge v. Havens*, 10 Paige, 626; *Welton v. Devine*, 20 Barb. 9; *Astreen v. Flanagan*, 3 Edw. Ch. 282; *Everett v. Everett*, 48 N. Y. 218; *Guthrie v. Gardner*, 19 Wend. 414. Under our statute there could be no resulting trust. Secs. 2077, 2242, R. S. The delivery in this case to the father was a sufficient delivery to the daughter. *Farr v. Simms*, 24 Am. Dec. 406; *Williams v. Walton*, 29 id. 122; *Howard v. Williams*, 21 id. 483; *Cecil v. Beaver*, 28 Iowa, 241; *Mitchell's Lessee v. Ryan*, 3 Ohio St. 377; *Kingsbury v. Burnside*, 58 Ill. 310; *Reed v. Douthit*, 62 id. 348; *Union Mut. Ins. Co. v. Campbell*, 95 id. 277; *Jones v. Swayze*, 42 N. J. Law, 279; *Parker v. Parker*, 56 Iowa, 111; *S. C.* 62 id. 204; *Masterson v. Cheek*, 23 Ill. 72; *Rivard v. Walker*, 39 id. 413; *Spencer v. Carr*, 45 N. Y. 410; *McPherson v. Featherstone*, 37 Wis. 641; *Barney v. Seeley*, 38 id. 381; *Kellogg v. Adams*, 51 id. 138.

For the respondents there was a brief by *Timlin & Manseau*, and oral argument by *Mr. Timlin*. They argued, among other things, that the delay of the plaintiff, after she knew of the payment to and attempted satisfaction of the mortgage by Mathias Drichta, and until after the death of Drichta, was such that a court of equity would not enter-

tain her suit.   1 Pomeroy's Eq. Jur. secs. 418, 419; 2 id. sec. 917; *Sheldon v. Rockwell,* 9 Wis. 166; *Holden v. Meadows,* 31 id. 284; Wood on Limitations, sec. 60; *Codman v. Rogers,* 10 Pick. 112; *Powell v. Murray,* 10 Paige, 256; *Lawrence v. Rokes,* 61 Me. 38; *Crosby v. Buchanan,* 23 Wall. 420, 458; *Matter of Lord,* 78 N. Y. 109; *Davidson v. Associates,* 71 id. 333.   And at law this delay was sufficient evidence of a ratification by her of the collection and satisfaction by her father for her.   Ewell's Evans on Agency, 89–91; *Saveland v. Green,* 40 Wis. 431; *Reese v. Medlock,* 27 Tex. 120.

Lyon, J.   1. That there was an effectual delivery of the note and mortgage by the defendant *Joseph Pawlot,* the mortgagor and maker of the note, either to Mathias Drichta or the plaintiff, is undisputed and indisputable.   The circuit court held, substantially, that the delivery was to Mathias Drichta, and not the plaintiff.   That is the significance of the conclusions of law that the plaintiff had no interest in the securities and was concluded by the payment of the mortgage debt to her father.   Whether, in the light of established legal principles, such ruling can be upheld, is the main question in the case.

By the direction and procurement of her father, who paid the consideration therefor, the note and mortgage were executed to the plaintiff, who was named as payee in the note and mortgagee in the mortgage.   Presumptively, this was an advancement by the father to his daughter.   At common law such presumption might have been rebutted by proof, and a trust established in favor of the father, who paid the consideration.   But our statute of uses and trusts (R. S. ch. 96) has abolished such resulting trusts.   It is enacted in sec. 2077 that " when a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment is made, but the title shall vest in the person named as the

alienee in such conveyance, subject only to the provisions of the next section." The next section merely preserves the trust in favor of creditors, and is of no importance in this case. That the provisions of the above sections extend to and include mortgages is not questioned. See sec. 2242.

It necessarily results from these statutes that when the mortgage in suit was delivered to Mathias Drichta, such delivery inured at once to the benefit of his daughter, the mortgagee named therein, by way of advancement to her, and he is precluded from asserting any trust therein, or in the debt secured thereby, resulting to him.

If a formal acceptance by the plaintiff of such advancement is essential to her title, there is satisfactory proof that her husband, acting by her authority, endeavored to obtain the securities for her; also that on the occasion of her marriage her father promised or spoke of the mortgage as her marriage portion; and that in other ways (besides bringing this suit) she sought to obtain her rights in the securities. This amounts to a sufficient acceptance.

These views are enforced in many of the authorities cited by counsel for the plaintiff, and in some of those cited by counsel for defendants. To the same effect are the adjudications of this court in *Week v. Bosworth*, 61 Wis. 78; *McPherson v. Featherstone*, 37 Wis. 641. See, also, *Allen v. Allen*, 58 Wis. 202. The case of *Cross v. Barnett*, 65 Wis. 431, was taken out of the rule by several circumstances peculiar to that case; the controlling one being that the father claimed the name of his son, the plaintiff, was inserted in the conveyance of the land in controversy by mistake, the intention being to convey the land to the father. So the plaintiff was there put to his proof of a delivery of the deed to himself.

Our conclusion is that there was an effectual delivery of the mortgage to the plaintiff.

2. It is scarcely necessary to say that Mathias Drichta

was not authorized to receive payment of the mortgage debt and cancel the securities. This results from the fact that they belonged to the plaintiff, and not to him. They were not negotiable, and so his possession of the instruments did not clothe him with the apparent ownership. If *Pawlot* or his grantee paid the mortgage debt to Mathias, they paid it in their own wrong. They were informed by the terms of the instruments to whom the debt belonged, and to whom alone payment could safely be made.

3. The pretended release or satisfaction of the mortgage on the record thereof was a nullity. The mortgagee is the plaintiff, *Josepha Drichta*, designated in the mortgage as a female. The satisfaction purports to have been executed by Joseph Drichta, designated on the face of it as a male person by the use of the pronoun "his" in the expression "his mark." The person who in fact executed it was Mathias Drichta, and this must have been known by *Pawlot* and his immediate grantee. No subsequent purchaser of the land had any right to be misled by that satisfaction. It bore upon its face evidence, patent to every one who should examine it, that it was not executed by or for the mortgagee, but by a stranger to the mortgage. It was little less than a forgery, yet not so liable to mislead as it would have been had the true name of the mortgagee been forged to it. Had the traditional name of John Doe been signed to it, its complete insufficiency as a satisfaction of the mortgage would be no more obvious than it now is.

Because no one can be justified in relying upon the pretended satisfaction of the mortgage as effectual to discharge it, no duty of diligence was imposed upon the plaintiff to avoid it or obtain its cancellation. Every subsequent purchaser of the mortgaged premises must be held to have known that he purchased subject to the plaintiff's mortgage, notwithstanding the alleged satisfaction.

4. The statute of limitations was interposed as a defense by the defendant *Joseph Pawlot*, the only person who could

be charged with personal liability for the debt secured by the mortgage. The statute had run against the note before the action was commenced. Hence there can be no judgment over for any deficiency. But the statute has not run against the mortgage, and the plaintiff is entitled to the usual judgment of foreclosure and sale. *Potter v. Stransky,* 48 Wis. 235, and cases cited; *Hayes v. Frey,* 54 Wis. 503.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment for the plaintiff as herein indicated.

See note to this case in 28 N. W. Rep. 186.— REP.

