MEIER, Respondent, vs. BELL, imp., Appellant.

*October 20—November 17, 1903.*

*Reformation of instruments: Mistake: Degree of proof: Notes and mortgages taken in wife's name.*

1. In an action to reform, on the ground of mistake, notes and mortgages running to plaintiff's deceased wife, and to have plaintiff declared the owner thereof, the evidence is *held* not to establish the mistake beyond reasonable controversy and hence not to entitle plaintiff to relief.
2. Where, for debts owing to himself, a husband knowingly takes notes and mortgages in his wife's name, the title thereto vests in her, under sec. 2077, Stats. 1898.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action by *Johann Meier* against *Sophie Bell* and others to reform certain notes and mortgages, and for judgment declaring him to be the owner thereof. One note and mortgage was executed by Frank Banholzer and wife, and was for $1,700, and the other, for $900, was executed by Martin Orlikowski and wife.

On August 21, 1865, the respondent, *Johann Meier,* purchased a farm of ten acres near the city of Milwaukee. On December 27th of the same year he conveyed to his wife, Dorothea, an undivided one-half interest therein. They held title in this manner while they lived on the farm, and until

they sold it in 1887. When they moved onto the farm, neither was possessed of any other estate than this land. The land was used for ordinary farming purposes, they jointly working it. The wife helped by milking, planting, sowing, hoeing, harvesting, and getting the produce to market. There were no children as the fruit of this marriage. Mrs. Meier had one daughter by a former marriage—the appellant *Sophie Bell.* At the time of the sale of the farm they received $1,000 in cash, and a purchase-money mortgage, taken in their joint names, for $3,000. It appears that *Mr. Meier* had other money at this time. They repeatedly spoke of holding the property in a way to keep it out of the probate court, and so that the survivor would have what remained. The money was deposited in the bank in the name of the husband because the bank refused to receive it in the names of both. When the mortgage was paid, the larger part of the proceeds were invested in a home; the deed running to them both as husband and wife, and to the surviving one of them. That home has never been sold.

In 1898 Frank Banholzer negotiated with plaintiff for a loan of $1,700, to be secured by a mortgage upon real estate. The loan was agreed upon between the parties. Plaintiff was unable to read or write. There was some discussion as to how the note and mortgage should be drawn, and whose name should appear therein. Plaintiff desired to have the instrument so drawn that, in the event of the death of himself or wife, the survivor need take no proceedings in probate court to administer the estate. He directed Banholzer to have his wife's name appear in the mortgage. Banholzer had the note and mortgage drawn in the wife's name only, and delivered them to plaintiff upon receipt of the money. Plaintiff left the mortgage for record at the register's office, and directed that it be sent to the house. It was kept there up to the time of Mrs. Meier's death. Plaintiff testified that he believed the money would come to him, as the survivor; that he knew

his wife's name was in the mortgage and note; that he and his wife had repeatedly spoken of this and the Orlikowski loan; that they discussed the fact of the instruments being in her name, and intended to have them changed or assigned, but that her health did not permit her to leave the house and have it done; that he directed Banholzer to have the Orlikowski mortgage and note drawn the same as his (Banholzer's). The Orlikowski note and mortgage were in the name of Mrs. Meier, and the interest was collected by Banholzer, and receipted for by him as her agent. The plaintiff received it from Banholzer.

Aside from these facts, plaintiff testifies to facts and circumstances tending to show that he gave different instructions to Banholzer as to how the instruments were to be drawn, and as to his knowledge of the fact that they were drawn in Mrs. Meier's name.

Dorothea Meier died intestate May 29, 1901, and the defendant Charles Friedrich in December of that year was duly appointed administrator of her estate. The defendant *Sophie Bell*, as heir of her mother, Mrs. Meier, and her husband, John F. Bell, claim that the notes and mortgages in question were the separate estate of Dorothea Meier. Plaintiff denies this, and claims them as his property, and brought this action to establish this right and for the reformation of the instruments. The court found him to be the owner of the notes and mortgages, and decreed the reformation prayed for. From that judgment this appeal is taken.

For the appellant there was a brief by *Lenicheck, Fairchild & Boesel*, and oral argument by *F. T. Boesel*.

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *O. J. Fiebing*.

SIEBECKER, J. The findings of the trial court to the effect that the respondent was the absolute and sole owner of the amounts due on these notes and mortgages, and that they were

made and executed by mistake in the name of Mrs. Meier, are challenged by appellant upon the ground that the proof wholly fails to establish these facts. The amount and the weight of the evidence required, in equity, to obtain reformation of a written instrument on the ground of mistake, has been repeatedly considered by this court, and the rule announced as applicable to such cases must be strictly adhered to. In *Kent v. Lasley,* 24 Wis. 654, it is held:

"If the proofs are doubtful and unsatisfactory, and the mistake is not entirely plain, equity will withhold relief, upon the ground that the written paper ought to be treated as a full and correct expression of the intent until the contrary is established beyond reasonable controversy."

See, also, *Kropp v. Kropp,* 97 Wis. 137, 72 N. W. 381.

An examination of the evidence constrains us to hold that the proof is not so clear, convincing, and entirely plain as to establish beyond reasonable controversy that the notes and mortgages were made and executed by mistake in the name of respondent's wife. The evidence relied on for this purpose is mainly that of respondent and the witness Banholzer. Respondent's testimony pertaining to the transactions is contradictory in many of its statements, and vacillating upon a number of material and important questions, which renders it unsatisfactory in its probative force, leaving an uncertainty upon the main issues in the case. His memory seemed confused, and he was unable to detail the facts and circumstances surrounding this transaction in a clear and convincing manner. The testimony of Banholzer, one of the mortgagors, and he who attended to the making of the notes and mortgages under respondent's direction, fails to corroborate respondent in material and important respects. Nor are the corroborating circumstances sufficient to remove the inherent uncertainty of the proof. It seems that respondent treated the farm and the money realized therefrom as if Mrs. Meier had an interest therein. He apparently understood that the

notes and mortgages were drawn in her name. He made no claim that a mistake had been made, either to her or in her presence, when the subject arose in conversation, nor to Banholzer or the other mortgagor. He first claimed that a mistake was made in drawing the notes and mortgages after Mrs. Meier's death, when her heir asserted title thereto. These facts and circumstances, in connection with the conflicts and uncertainty in the proofs, leave the evidence upon the issuable facts obscure and uncertain, and thus fail to establish so plain and clear a case for equitable relief as to remove it beyond reasonable controversy.

It is argued that, if no equitable relief can be awarded upon the ground of mistake, the plaintiff should recover upon the ground that the debt is due him, although he took the notes and mortgages in the name of Dorothea Meier. This assumes that he knowingly took the notes and mortgages in his wife's name. Under such circumstances, sec. 2077, Stats. 1898, applies, and precludes him from recovering the debt as his. Under this statute, the title of the property vested in Dorothea Meier, as alienee in the mortgage. *Skinner v. James,* 69 Wis. 605, 35 N. W. 37; *Gallagher v. Gallagher,* 89 Wis. 461, 61 N. W. 1104; *McElroy v. Minnesota P. H. Co.* 109 Wis. 116, 85 N. W. 119.

Upon the grounds stated, we are forced to the conclusion that plaintiff has failed to establish any ground for relief, and that the court erred in awarding judgment in his favor.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment dismissing the complaint.