TOBIN, Appellant, vs. TOBIN, Administratrix, and another, Respondents.

*April 23—May·11, 1909.*

*Gifts: Requisites: Intent: Delivery: Acceptance: Mortgages: Nature: Assignment: Payment: Extinguishment: Trusts and trustees: Resulting trusts: Statutes: Construction: "Grant."*

1. Evidence that A. never gave or intended to give B. a note and mortgage taken in B.'s name, that B. never knew of the execution thereof, and that there was no acceptance thereof on the part of B., is insufficient to establish a gift from A. to B.
2. In Wisconsin a mortgage merely gives a lien upon the land mortgaged for the money secured thereby; passes as an incident upon transfer of the note; when assigned separate from the note does not transfer the note, unless the note is in fact delivered; and is extinguished by the payment of the debt it is given to secure.
3. A mortgage is not a "grant" within the meaning of that word as used in sec. 2077, Stats. (1898), providing that no trust arises in favor of one who pays the consideration for a "grant" made in favor of another. *Cerney v. Pawlot*, 66 Wis. 262, and *Meier v. Bell*, 119 Wis. 482, in so far as they hold that sec. 2077 applies to mortgages, overruled.
4. Sec. 2077, Stats. (1898), applies exclusively to real property, and the "grant" therein referred to means an absolute conveyance of the land by which the title is vested in the grantee named.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Reversed.*

This is an appeal from a judgment affirming the judgment of the county court of Walworth county setting aside an order previously made by that county court appointing a special administrator in the estate of John Tobin, deceased, for the purpose of assigning a note and mortgage in the name of John Tobin to *Joseph Tobin,* on the ground that such order was procured by fraud and that the county court had no jurisdiction. In 1901 *Joseph Tobin* resided in Whitewater, Wisconsin, and made a loan to one James Brady of $4,800, and

caused the note and mortgage to be made to John Tobin, his son. The mortgage was in the usual form and ran to John Tobin, his heirs and assigns. *Joseph Tobin* always held the note and caused the mortgage to be recorded. In 1903 John Tobin, who then resided in Pueblo, Colorado, returned to Whitewater, Wisconsin, and died there a short time after his arrival. Shortly after his death a petition was presented to the county court of Walworth county by *Joseph Tobin* setting up that John died when a resident of Walworth county, leaving him surviving his widow, *Marie,* and a minor son, Cyril, as his only heirs at law; that Cyril resided with his mother at Whitewater, Wisconsin; that deceased left no debts unpaid; that *Joseph Tobin* had loaned to James Brady the sum of $4,800, and that the note and mortgage had been taken in the name of John Tobin, who never had any interest therein; and that the same belonged to *Joseph;* and prayed for an order appointing a special administrator for the purpose of assigning the note and mortgage to *Joseph Tobin.* The widow of John Tobin joined in the petition, and his minor son was represented by a guardian *ad litem.* The court appointed a special administrator in accordance with the prayer of the petition, and assigned the note and mortgage to *Joseph Tobin* October 5, 1903, in accordance with sec. 3813a, Stats. (1898). Thereafter *Marie Tobin,* widow of John Tobin, petitioned the county court of Pueblo county, Colorado, for the appointment of an administrator on the estate of John Tobin, deceased, and on November 13, 1906, she was appointed administratrix. On March 16, 1907, *Marie Tobin* petitioned the county court of Walworth county, Wisconsin, setting forth the previous proceedings had in said county, her appointment as administratrix, that she was the widow of John Tobin, deceased, and that she and the minor child, Cyril, were the only heirs at law; that John Tobin was a resident of Pueblo, Colorado, at the time of his death; that she was also a resident of Pueblo at the time she joined in the petition

of *Joseph Tobin,* and that Cyril was not in Wisconsin at that time; that the note and mortgage were the property of John Tobin when he died; that her assent to the petition of *Joseph Tobin* had been obtained by false representations; and that she did not know the contents thereof, and prayed that the order appointing the special administrator and all proceedings thereunder be set aside and *Joseph Tobin* be required to account. On this petition the county court ordered service of notice of hearing upon *Joseph Tobin* and the guardian *ad litem* of Cyril, which was made. Hearing was had and judgment entered for the petitioner, *Marie Tobin,* in accordance with the prayer of the petition. An appeal was taken by *Joseph Tobin* to the circuit court, and an answer filed by him setting up that there was no delivery to or acceptance by John Tobin and no intent to deliver by *Joseph,* and further alleging ownership of the note and mortgage in *Joseph Tobin.* The matter was tried, and the court found, among other things, that on the 12th day of March, 1901, *Joseph Tobin* made a loan of $4,800 to James Brady, taking his promissory note secured by mortgage of even date; that the money was the property of *Joseph Tobin;* that the note and mortgage have remained in the physical possession of *Joseph Tobin* since their execution, except during such time as the mortgage was with the register of deeds of Walworth county; that the note and mortgage were taken in the name of John Tobin, deceased, and stood in his name at the time of his death; and that such mortgage ran to John Tobin and his heirs and assigns; that during the lifetime of John Tobin, *Joseph Tobin* collected the interest on the note for the years 1902 and 1903 and remitted the same to John Tobin, who accepted it; that after the death of John Tobin, *Joseph Tobin* collected the interest for the years 1904 and 1905 and has never accounted for it to the estate of John Tobin, deceased; that John Tobin never knew of the existence of the note and mortgage in his lifetime and never claimed any title thereto; that *Marie Tobin* was not advised of the facts in the matter

at the time she joined in the petition of *Joseph Tobin,* and was not informed that the title to the note and mortgage had vested in her husband and remained in him at the time of his death; and that she was misled by the concealment and misrepresentations of the facts, and the legal effect of the facts and proceedings had in the county court.

The court found as conclusions of law that the order of the county court vacating its former order appointing a special administrator for the purposes specified was proper, and that when *Joseph Tobin* recorded the mortgage the title thereto and the debt thereby secured passed beyond his recall or control, and that the title to the note and mortgage vested in John Tobin at the time they were executed and delivered by Brady; that the recording of the mortgage was a sufficient delivery and acceptance by John Tobin; that *Marie Tobin* was not estopped from bringing the proceedings; that the proceedings upon petition of *Joseph Tobin* were a constructive fraud upon *Marie Tobin;* that the minor son, Cyril Tobin, was not bound by the proceedings, and that the prayer of the petition of *Marie Tobin* should be granted, and ordered judgment as follows: (1) Affirming the order of the county court; (2) requiring *Joseph Tobin* within thirty days to transfer and deliver the note and mortgage to *Marie Tobin* as administratrix; (3) requiring him to pay her in said capacity the sum of $480, being two years' interest unaccounted for; (4) requiring him to pay all costs and disbursements of this action.   Judgment was entered accordingly.

For the appellant there was a brief by *Edwin T. Cass* and *Wallace Ingalls,* attorneys, and *Sanborn & Blake,* of counsel, and a supplemental brief by *Edwin T. Cass* and *Wallace Ingalls,* and oral argument by *Mr. John B. Sanborn, Mr. Ingalls,* and *Mr. Cass.*

*W. C. Leitsch,* for the respondents.

KERWIN, J.   There is considerable discussion in the briefs on both sides respecting the jurisdiction of the county court

to make the order assigning the note and mortgage referred to in the statement of facts to *Joseph Tobin,* and also on the question whether a case of fraud was made which would justify the county court in setting aside the order on the application of *Marie Tobin* as administratrix. These questions, however, become material only in the event that it be determined that the note and mortgage in question were the property of John Tobin. The controlling question is whether John Tobin was the owner of the note and mortgage. It is established by the evidence that *Joseph* never gave or intended to give the note and mortgage to John and that John never knew of the execution thereof, and that there was no acceptance on the part of John; therefore there was no gift. *Beaver v. Beaver,* 117 N. Y. 421, 22 N. E. 940; *Scott v. Berkshire Co. Sav. Bank,* 140 Mass. 157, 2 N. E. 925; *Thomas v. Thomas,* 107 Mo. 459, 18 S. W. 27; *Pope v. Burlington Sav. Bank,* 56 Vt. 284; *Sherman v. New Bedford F. C. Sav. Bank,* 138 Mass. 581. The theory of the court below was that the taking of the note and mortgage in the name of John Tobin and recording the mortgage by *Joseph* vested title to the note and mortgage in John, under the provisions of sec. 2077, Stats. (1898), and therefore no right or interest remained in *Joseph.* This is the position of counsel for respondents to support title to the note and mortgage in John Tobin and his estate, and in support of this contention he quotes sec. 2077, Stats. (1898):

"When a grant for a valuable consideration shall be made to one person and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

The question, therefore, arises whether a note secured by mortgage on real estate is within sec. 2077, Stats. (1898). A mortgage in this state merely gives a lien upon the land

mortgaged for the sum of money secured thereby. *Brink-man v. Jones,* 44 Wis. 498. A mortgage securing a promissory note passes as an incident upon transfer of the note. *Kelley v. Whitney,* 45 Wis. 110. And an assignment of the mortgage alone and separate from the note it was given to secure will not transfer the note unless it is in fact delivered. *Wilson v. Carpenter,* 17 Wis. 512; *Hitchcock v. Merrick,* 18 Wis. 357. A mortgage is extinguished by payment of the debt it was given to secure. *Fisher v. Otis,* 3 Pin. 78. It therefore follows that the debt secured by the mortgage is the principal thing and the mortgage the incident. Hence a mortgage given to secure a note is not a "grant" within the meaning of the statute referred to, unless it can be said that the statute applies to personal property. We think our statute (sec. 2077) applies exclusively to real estate. It is found in the chapter on Uses and Trusts Concerning Real Estate, and is unmistakably confined to that class of property. Our statute is a substantial copy of the New York statute, from which it was taken. In New York this statute has been held to apply to real estate only, and is not controlling in transactions involving personal property. *Fairchild v. Fairchild,* 64 N. Y. 471; *Day v. Roth,* 18 N. Y. 448; *Gilman v. McArdle,* 99 N. Y. 451, 2 N. E. 464; Perry, Trusts, § 86; *Carr v. Carr,* 52 N. Y. 251. The "grant" referred to in the statute is an absolute grant of the land by which the title to the real estate vests in the grantee named in the deed. *McCartney v. Bostwick,* 32 N. Y. 53; *Carr v. Carr, supra.* The note and mortgage being the property of *Joseph Tobin,* and never having passed to John Tobin, it is unnecessary to consider the questions discussed respecting the regularity of the proceedings appointing the special administrator and assigning the note and mortgage to *Joseph Tobin.* The property was his, and whether the proceedings were regular or not the respondents were not prejudiced thereby. Respondents rely upon *Cerney v. Pawlot,* 66 Wis. 262, 28 N. W. 183, and

*Meier v. Bell,* 119 Wis. 482, 97 N. W. 186.    These cases appear to hold, as contended by respondents, that sec. 2077, Stats. (1898), applies to mortgages, but it seems the point was not necessary to uphold the conclusion of the court in either case.    In *Cerney v. Pawlot, supra,* the case turned on whether there had been a delivery of the note and mortgage and acceptance.    In *Meier v. Bell, supra,* the action was for reformation, and it was held that the evidence was not sufficient to warrant the court in adjudging reformation.    But so far as these cases hold that sec. 2077 applies to mortgages they must be regarded overruled.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to the circuit court to reverse the judgment of the county court.