Lowry, Administratrix, Appellant, vs. Lowry and others, Respondents.

*February 9—May 9, 1933.*

For the appellant there were briefs by *McConnell & Schweizer* and *C. L. Baldwin,* all of La Crosse, and oral argument by *Mr. C. H. Schweizer* and *Mr. Baldwin.*

For the respondents there was a brief by *Hale & Burke* of La Crosse, and oral argument by *Quincy H. Hale.*

The following opinion was filed March 7, 1933:

FAIRCHILD, J. The deceased Robert B. Lowry was afflicted with a disorder causing hemorrhage of the lungs. At the time of such an occurrence in the year 1928 he was told by his physician that another hemorrhage would be likely to result in death. This possibility was appreciated by Lowry and he was extremely careful thereafter, and especially so in the severe weather. The resulting feeling of

apprehension was doubtless responsible for his approaching the respondent Gohres early in the winter of 1931 and saying that he was fearful of the winter months. A short time thereafter he handed Gohres a package requesting him to deliver the contents to the persons described in a memorandum contained therein. The instructions to Gohres concerning the delivery are found in the conversation between the donor and Gohres set forth in the testimony of Gohres, which is as follows:

"About six weeks prior to his last illness he handed a package to me in the bank and he said, 'Will you please take this package and in case I am taken sick open and deliver it according to the instructions inside.' . . . He said, 'It seems the winter time around the holidays is a dangerous time.' In his own words, 'I must be more careful than usual.' Then I had the other conversation with reference to the package a little later than that. He handed me a package at that time. I put it in the vault in one of the pigeon holes."

Lowry became ill on the 24th of December, 1931. On the 26th of December Gohres delivered the contents of the package in accordance with instructions. Lowry died December 31st, five days after the delivery referred to. The certificate of stock contained in the package had been duly indorsed in blank before delivery to Gohres, and there was written indication of who was to have certain parts of the contents of the package. After the appointment of the administratrix this action was begun to recover the stock and bonds and Gohres was made a party defendant.

The disputed points on this appeal arise from objections to the admissibility of the evidence, but the primary controverted point is the admissibility of the evidence produced by Gohres. Appellant contends that in any event respondent Gohres is not a competent witness to testify as to the delivery to him of the package and the statement concerning the same made to him by Lowry. It is claimed that sec. 325.16,

Stats., excludes him as a witness upon the ground of disqualification. The statutory provision relied on is:

"No party . . . in his own behalf or interest . . . shall be examined as a witness in respect to any transaction or communication by him personally with a deceased . . . person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased . . . person. . . ."

At the time the wish of Lowry to make this gift was expressed to respondent Gohres, and the package delivered to him, he was in no sense of the term the agent of the donees, nor was he in any way interested in the matter except as the donor asked him to deliver the property which the donor was planning to make a gift of. The statute just quoted and those of similar import calculated to keep from interested parties the advantage that might result from giving a one-sided version of the conversation between such party and a deceased person do not exclude the testimony of the agent of the deceased. That is the most that can be claimed concerning any relation Gohres had to any one in this matter, and he therefore does not fall within the class of persons disqualified. 5 Jones, Comm. on Evidence (2d ed.) §§ 2236–2244; *Jackson v. Bennett,* 98 Ga. 106, 26 S. E. 53.

The undisputed testimony is that Robert Lowry married in 1906. There was such lack of harmony in his domestic life that divorce was frequently spoken of by him and his wife. Lowry at times left his home. In fact such differences occurred between him and his wife as to result in a resolution to leave his wife only such property as he had earned and to leave to his side of the family that portion of his estate which had come to him from his father. The amount thus given to his brother, sister, and niece, respondents here, about equaled the portion going to his widow. The evidence shows ownership in the deceased, prior to Decem-

ber 26, 1931, of the property in controversy; that this property was in possession of respondents after December 26, 1931, with an indorsement by Robert B. Lowry on each certificate sufficient to transfer it.

The respondent Gohres, called as a witness, after testifying that he was president of the Exchange State Bank of La Crosse, knew Robert Lowry about thirty-five years, and worked with him in the bank about thirty-three or thirty-four years, was permitted to give the testimony already referred to. If that testimony is competent there can be no serious question but that the completed gift resulted by his carrying out the instructions given to him. The idea of the gift is consistent with considerations appearing in the testimony already referred to strongly suggesting the reasons for Lowry's desire to return to his side of the house the money represented by the stock and bonds. There is no serious claim that respondent Gohres had any interest in the gift. Does the mere fact of making him a party to the action render him incompetent? We think not. Admittedly he can do nothing in the matter in the way of a return of this property. He was not a necessary party to the action. 5 Jones, Comm. on Evidence (2d ed.) § 2238. He will neither gain nor lose by anything that may happen in the litigation. He has no present or vested interest, neither has he an uncertain or remote interest in any claim to the property.

The evidence shows the delivery of the subject of the gift to Gohres with instructions to deliver it to the donees upon the event of the donor's illness. That Lowry was apprehensive of death may be conceded, but all the elements of a valid and effective gift are present. Had he survived, it is not difficult to imagine that he might have revoked the gift on the theory that it was a gift *causa mortis*. It is sufficient here for the purpose of this action that the evidence shows an actual delivery to the donor's agent and a transfer by him in the lifetime of the donor to the donees of the prop-

erty in question. That this constituted a relinquishment of all control or dominion over all the property by the donor cannot be denied. It is equally certain that there never was during the lifetime of the donor a revocation of the gift or any act by him that can in any way affect the title to the property in the donees.

There seems to be sufficient evidence to show the respondents other than Gohres to be in possession of the property accompanied by a writing clearly indicating the intention of the donor to place in the possession of the several individuals the particular property each now has. This showing, supplemented by competent evidence establishing a fixed plan in the mind of the donor months before the transfer occurred to accomplish this very thing, is ample to sustain a finding that the respondents are holding this property lawfully and in accordance with the plan and purpose of the donor. There is no basis for a holding that appellant has shown any title to this property in the deceased at the time of his death, and the complaint was properly dismissed.

*By the Court.*—Judgment affirmed.

The following opinion was filed May 9, 1933:

PER CURIAM (*on motion for rehearing*). The statement in the opinion that a physician, following a hemorrhage which afflicted Lowry in 1928, had told him that a recurrence would be likely to result in death, is withdrawn. The testimony was objected to upon the trial and that evidence was not received. We did not treat the objection in the original opinion because undisputed evidence amply sustained the findings and conclusions of the trial court.

The appellant bases a motion for rehearing on the proposition that with the statement with reference to the physician's warning out of consideration the result must be different. The evidence reviewed at the time of the decision

was made clearly establishes an intent on the part of Lowry to make the gift to the respondents of the property described, and it also clearly establishes that every detail and particular of the gift was fully completed. We think the evidence shows clearly that this was a gift *inter vivos,* and the suggestion that had he survived Lowry might have sought to reclaim the property was gratuitous and not at all essential to a decision of the matter submitted to us.

Motion for rehearing denied, with $25 costs.