ROSEMAN, Appellant, vs. SAUBER, Executor, Respondent.

*October 10—November 7, 1939.*

*Lynn D. Jaseph* of Green Bay, for the appellant.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Rodney C. Welsh*.

FAIRCHILD, J.   The plaintiff claims title to the $1,000 note in question under a written instrument dated June 18, 1938, and signed by Anna Davidson.   That writing recites a consideration, the assignment, and sets over to the plaintiff all right, title, and interest in and to the note of said Anna Davidson.   The defendant insists that the note belongs to him as executor of the will of Rebecca Roseman.   It is his position that Anna Davidson's interest in the matter was that of agent of his testatrix.   The trial court was of the opinion that the contemplated gift of the principal represented by the note was never completed and that the note is the property of the defendant.

The evidence shows that Mrs. Roseman intrusted the sum of $2,000 in the first instance to her friend Mrs. Davidson under an arrangement which left the title to the money in Mrs. Roseman.   It appears that when she needed money she had Mrs. Davidson collect and return part of the amount to her.   The interest on the money was received and used for her own purposes.   Although it was remarked when the money was first placed in Mrs. Davidson's care that if anything happened Mrs. Roseman wanted it to go to her stepson, still no act of the owner occurred which moved the transaction out of the realm of a possibility of a future gift.   That state of affairs left the money the property of Mrs. Roseman and did not result in the transference of any title to the plaintiff. *Loper v. Estate of Sheldon,* 120 Wis. 26, 97 N. W. 524; *Crolius v. Lorge,* 192 Wis. 130, 212 N. W. 253.

In support of the conclusion of law that no valid trust was created, the defendant urges that the act of Anna Davidson returning to Rebecca Roseman her money as requested nullifies such a possibility.   He cites the case of *Warsco v. Oshkosh Savings & Trust Co.* 183 Wis. 156, 160, 196 N. W. 829, where the following language is used:

"If the donor has full control and dominion over the trust property, so that according to the terms of the trust he can

use it as and when he pleases, the trustee becomes his mere agent to hold title to the property, invest, sell, and collect income for him and pay as he directs."

In any event a revocable transaction of a promissory nature is not a gift *inter vivos*. There are no facts showing a delivery to an alleged donee of the property nor a loss of control thereof by the donor. There is nothing to warrant a finding that Max Roseman ever had the dominion over the note or the money necessary to completion of the gift. *Madison Trust Co. v. Skogstrom*, 222 Wis. 585, 269 N. W. 249.

The history of the dealings show Anna Davidson the agent of Mrs. Roseman, and as to the point that evidence of Mrs. Davidson was improperly received upon the trial, it is only necessary to say that as she was the agent of Mrs. Roseman, she was a competent witness to testify concerning this transaction with her principal. *Lowry v. Lowry*, 211 Wis. 385, 247 N. W. 323, 248 N. W. 472.

*By the Court.*—Judgment affirmed.