Estate of Krause : Krause (Irma), Appellant, vs. Krause (Elmer) and others, Respondents.

*May 6—June 1, 1942.*

42

*Alfred W. Gerhard* of Wausau, for the appellant.

For the respondents there was a brief by *Genrich & Genrich*, attorneys, and *Herbert Terwilliger* and *James A. Fitzpatrick* of counsel, all of Wausau, and oral argument by *Mr. Fred W. Genrich* and *Mr. Terwilliger*.

ROSENBERRY, C. J. Fred W. Krause, the deceased, on the 2d day of July, 1934, had on deposit in the Citizens State Bank of Wausau the sum of $13,640.19. On that day he drew out of his deposit the sum of $8,640.19, which by his direction was credited to his checking account. At the same time he opened an account in the name of Mrs. F. W. Krause in the sum of $5,000, represented by passbook No. 11,177. He withdrew from the account the sum of $3,000 on February 14, 1936, signing a withdrawal slip therefor in his own name. On the 11th day of January, 1938, the deceased withdrew $2,000, signing a withdrawal slip therefor "Mrs. F. W. Krause." Both of these withdrawals were charged against savings account No. 11,177, and the proceeds used by the deceased in his business. On October 31, 1940, after the death of her husband, the claimant withdrew $100 which was charged to the same account. The claim filed was for the whole amount of the deposit with interest, the appellant contending that·by depositing said sum in her name the deceased had made her a gift of the amount of the deposit. It appears from the evidence that the deceased withdrew the money from his savings account and deposited a part of it in his checking account and deposited the $5,000 in the name of Mrs. F. W. Krause, in order that he might have the benefit of the Federal Deposit Insurance Corporation, which protects all accounts up to $5,000.

The record does not disclose by whom passbook No. 11,177 was produced at the trial. Apparently it was produced by W. A. Koch, the cashier of the Citizens State Bank. Appellant sought to establish her right to the book by showing that it was in her possession. She was asked the question, "When did you first see that passbook with that entry in it?" She answered "In 1934." She was then asked, "Did you have that passbook in your possession—" to which objection was made on the ground that the witness was incompetent to testify for the reason that the testimony related to a transaction with a deceased person. This objection was sustained and the exclusion of this evidence is assigned as error upon this appeal.

Sec. 325.16, Stats., provides:

"No party or person in his own behalf or interest, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person. . . ."

The appellant contends that the inquiry does not relate to a transaction between the witness and her husband now deceased. It is apparent that the question was intended to elicit a reply to the effect that the witness had the passbook in her possession and so establish a delivery of the passbook to her by her husband.

The rule is stated thus in 5 Jones, Evidence, p. 4368, § 2262:

"The majority of the cases hold that a witness who is incompetent to testify directly to the transaction by which it is claimed decedent parted with his possession, is also incompetent to testify to possession by witness of a document or other property during the lifetime of decedent from which delivery from decedent may be inferred."

See also *Brader v. Brader* (1901), 110 Wis. 423, 429, 85 N. W. 681; *Markgraf v. Columbia Bank of Lodi* (1931), 203 Wis. 429, 442, 233 N. W. 782. The objection was properly sustained.

If the appellant had succeeded in establishing the fact that she was in possession of the passbook No. 11,177 during the lifetime of her husband, that fact would have established a basis for an inference that he had delivered it to her. The establishment of that fact would have presented quite a different question upon the record in this case. Not having established it the trial court correctly held that the mere fact that the account was opened in her name, the possession of the passbook having been retained by her husband, there being no evidence of delivery of the book to her by him or any other evidence tending to establish his intention to make a gift to her of the amount of money deposited, the appellant had failed to establish her case. See *Marshall & Ilsley Bank v. Voigt* (1934), 214 Wis. 27, 252 N. W. 355. The deceased at all times retained and exercised dominion over this deposit, and the fact that the deposit was opened in her name instead of his own is fully explained. It is immaterial whether as a matter of fact under the circumstances of this case the deposit would have been protected by the Federal Deposit Insurance Corporation.

W. A. Koch, cashier of the bank, was called as a witness on behalf of the appellant. Contending that the witness was unfriendly, counsel for appellant asked the court to permit him to cross-examine the witness. This the court declined to do. The refusal of the court to permit the appellant to cross-examine her own witness is assigned as error. Whether a party shall be permitted to cross-examine his own witness and the extent to which the matter may proceed is wholly within the discretion of the trial court. *Farino v. State* (1931), 203 Wis. 374, 234 N. W. 366; *Ryan v. Oshkosh G. L. Co.* (1909) 138 Wis. 466, 473, 120 N. W. 264.

Other questions are raised which do not require discussion. *By the Court.*—Judgment appealed from is affirmed.