RUFFALO and wife, Respondents, vs. SAVAGE, Administrator, Appellant.

*January 15—February 17, 1948.*

176

For the appellant there was a brief by *Baker, Juliani & Baker,* and oral argument by *Thomas K. Savage,* all of Kenosha.

For the respondents there was a brief by *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha, and oral argument by *William A. Sheldon.*

BARLOW, J. The facts are not in dispute. The question for decision is whether the parents, who made the deposits from their own money, or the estate of the deceased son has legal title to the proceeds of this savings account. Appellant contends that when the parents deposited the money in the name of the decedent title immediately vested in him, relying on *Estate of Staver* (1935), 218 Wis. 114, 260 N. W. 655. He further argues that if delivery of the passbooks was necessary this was complied with when the mother gave the passbooks to the son to make withdrawals as heretofore set forth. The trial court found the respondents at all times intended to reserve to themselves the ownership and control of the account until such time as they elected to complete a gift to the son of the amount on deposit.

In the *Staver Case* the certificates of deposit in issue were all made payable to the order of Joseph Staver or Frank J. Staver, the funds so deposited being the funds of Joseph Staver. The court held this was a joint deposit and upon the death of Joseph Staver the title to the certificates passed to Frank J. Staver as survivor and the estate had no right or interest in them. By the terms of the deposits each party had an interest in the certificates and the delivery of the certificates by the bank to either party was a delivery to both parties.

Respondents contend that when these deposits were made they had a right to reserve to themselves the ownership and control of this account even though they made them in the name of the son, with the right to make a gift at such time as they saw fit; that in order to complete a gift it was necessary for respondents to deliver the passbooks to the son voluntarily

for the purpose of completing the gift; that this was never done and there being no completed gift the title still remains in respondents.

There is a difference between a joint ownership of a res by contract and a gift of a singly owned res. In *Estate of Krause* (1942), 241 Wis. 41, 4 N. W. (2d) 122, deceased withdrew funds from his personal savings account and deposited them in a savings account in the name of his wife, and later withdrew them on his own signature. The wife started an action against the bank to recover the funds after the death of her husband. While the case was before the court on the question of admissibility of evidence, in its decision the court said (p. 44):

"If the appellant had succeeded in establishing the fact that she was in possession of the passbook No. 11,177 during the lifetime of her husband, that fact would have established a basis for an inference that he had delivered it to her. The establishment of that fact would have presented quite a different question upon the record in this case. Not having established it the trial court correctly held that the mere fact that the account was opened in her name, the possession of the passbook having been retained by her husband, there being no evidence of delivery of the book to her by him or any other evidence tending to establish his intention to make a gift to her of the amount of money deposited, the appellant had failed to establish her case. See *Marshall & Ilsley Bank v. Voigt* (1934), 214 Wis. 27, 252 N. W. 355. The deceased at all times retained and exercised dominion over this deposit, and the fact that the deposit was opened in her name instead of his own is fully explained. It is immaterial whether as a matter of fact under the circumstances of this case the deposit would have been protected by the Federal Deposit Insurance Corporation."

In *Tobin v. Tobin* (1909), 139 Wis. 494, 121 N. W. 144, the father loaned money and caused the note and mortgage to be made out in the name of the son, but the note and mortgage were never delivered to the son. The contest arose between the executor of the son's estate and the father, and the father was held to be the owner of the note and mortgage. While

this court held in the *Staver Case,* which was decided later, that the reasons assigned in the *Tobin Case* were erroneous in part, it did say (p. 122) :

"If this was a contract for the benefit of the son, his knowledge or assent was unnecessary under the doctrine of the *Tweeddale Case.* What the court really held was that from all the surrounding circumstances it was plain that the purpose of the contract was not to make a gift or contract for the benefit of the son. The case may be supported upon this ground."

In *Marshall & Ilsley Bank v. Voigt* (1934), 214 Wis. 27, 252 N. W. 355, the husband established a joint account in his name and the name of his wife, and the husband retained possession of the passbook and also of the key to the drawer in which it was placed, and the wife secured the key during his lifetime and took possession of the passbook and withdrew the amount of the deposit. The court disposed of the case on the ground that there was no delivery of the passbook and no completed gift. With reference to this case the court said in the *Staver Case* (p. 124) :

"This ruling must likewise be modified, although the result in the *Voigt Case* was entirely correct under any view of the law. This case is similar to the illustrations heretofore given where a depositor, for the sole purpose of his own convenience, makes a joint deposit so that the other person may, for the convenience and sole benefit of the depositor, draw funds and apply them to the use of the depositor. Such a situation, if established, is sufficient to warrant affecting the legal title with a trust in favor of the husband's estate."

The joint-deposit rule in the *Staver Case* followed the rule in Massachusetts, Ohio, Michigan, and other states, but these states also recognize a distinction between a joint ownership of a res by contract and a gift of a singly owned res. *Chippendale v. North Adams Savings Bank,* 222 Mass. 499, 111 N. E. 371; *Cleveland Trust Co. v. Scobie,* 114 Ohio St. 241, 151 N. E. 373; *Robertson v. Parker,* 287 Mass. 351, 191 N. E. 645; 38 C. J. S., p. 832, sec. 49.

When a savings account is opened in a bank withdrawals may be made only upon presentation of the passbook and upon the written order of the depositor. The depositor is requested to sign a signature card to be retained by the bank for the purpose of showing who is authorized to withdraw funds and to determine the genuineness of the signature on any withdrawal slip. While the signature card contained the name of Bennie Ruffalo it was signed by the sister and not by him. The personal signature of Bennie Ruffalo was not one on which the bank was authorized to honor withdrawals according to the terms of the deposit. If he had gone to the bank and signed the signature card when the first deposit was made and the passbook had been issued and delivered to the parents or their representative in his presence a different question might be presented, but we are not called upon to decide this question, and do not do so.

In the case under consideration the decedent at no time exercised any right or control over the deposits in question. He opened a separate savings account through which he carried on his individual business. He could not withdraw any of the funds in question without the passbooks and he was in no position to require the passbooks to be delivered to him by his parents. The passbooks were retained in the possession of and under the control of the parents at all times except when they were given to the son for the purpose of making specific withdrawals. When those withdrawals were made they were the funds of the parents and constituted a gift from the parents to the son of the specific amount of money which was withdrawn but did not constitute a gift of the passbooks or in any way affect the balance of the deposits represented by the books. This was no different than if the parents had taken cash from their purse in a like amount and given it to the son. In place of doing this they withdrew cash from funds which they had deposited in the bank and gave it to the son.. Making these deposits in the name of the son was not a contractual right

which the son could enforce.   He could obtain title only by virtue of a gift, and the gift in this instance could not be completed without a voluntary delivery of the passbooks for the purpose of making the gift.   This was not done and the son therefore had no title to the deposits during his lifetime. Therefore no title passed to his estate.

*By the Court.*—Judgment affirmed.