GUARDIANSHIP OF COOLIDGE: COOLIDGE (Gary), by Guardian *ad litem,* and another, Appellants, v. COOLIDGE (Dale), by Guardian *ad litem,* and another, Respondents.

*November 3—November 29, 1960.*

For the appellants there was a brief by *Frank P. Fosgate,* collection and deportation counsel, and *Charles C. Lubcke* and *Clarence Simon,* assistant counsel, for the State Department of Public Welfare; *Frederick K. Plous,* guardian *ad litem,* attorney, and *Burton L. Lepp* of counsel, both of Kenosha, and oral argument by *Mr. Simon* and *Mr. Plous.*

For the respondent Dale Kenneth Coolidge there was a brief and oral argument by *M. Wesley Kuswa* of Milwaukee, guardian *ad litem.*

HALLOWS, J. The record does not show the source of the money which was originally and subsequently deposited or the money prior to deposit belonged to the minors. Likewise, there is no evidence that the savings account books were ever

in the possession or custody of the minors, of the purpose of the various withdrawals, or that Mrs. Coolidge ever intended to make a gift of the deposits or of the accounts to her minor children. In the absence of such facts, the question is whether the minors became the owners of the savings accounts.

The appellants claim there is a presumption that money deposited in a bank account belongs to the persons in whose names it has been deposited, and cite several cases from other jurisdictions in support thereof. While there is language in these cases to the effect claimed by the appellants, the cases relate either to the bank's liability, fraudulent transactions, or to the degree of proof necessary to establish ownership, questions not involved here. In *Kerr v. People's Bank* (1893), 158 Pa. 305, 310, 27 Atl. 963, cited by the appellants, money was deposited "in account with William Kerr by Varner Kerr, Dr." The majority opinion stated the words "by Varner Kerr" constituted a statement only by whom the money was handed to the bank and were without significance. However, the evidence showed William Kerr could neither read nor write, and gave the money to Varner to deposit for him. The bank had reason to believe that the money was William's and he was permitted to recover from the bank. Such is not the situation here. There is no question of bank liability.

The presumption argued for by the appellants is a rule to protect banks in paying money to the named depositor. The presumption is rebuttable. 9 C. J. S., Banks and Banking, p. 593, sec. 285. We cannot presume these minors of tender years were the owners of the large sum of money deposited by their mother over a five-year period. They could not earn it and there is no proof they inherited it and, as against their mother, have the burden of proof of showing ownership either of the money deposited or the savings account opened in 1946.

We must assume under the facts of this case that Mrs. Coolidge opened the savings account and made subsequent deposits with her own funds. The account might have been opened in the name only of the two minors, and we think it is significant the accounts were not so opened, but the minors' names were qualified "by Mrs. Elsie Coolidge," in the first account and "by Mother" in the subsequent account. There seems to be no reason for opening bank accounts in the names of the minors and adding such language except to control the account. Withdrawals from the account were made. The claim of Gary must rest on the theory of a gift to him and his brother, Dale, when their mother opened the account. We are not dealing with a joint savings account between the minors and their mother. The rule as to a joint account based on the contract theory was explained in *Estate of Staver* (1935), 218 Wis. 114, 260 N. W. 655. That case commented on *Tobin v. Tobin* (1909), 139 Wis. 494, 121 N. W. 144, overruled in part *Breitenbach v. Schoen* (1924), 183 Wis. 589, 198 N. W. 622, and modified *Marshall & Ilsley Bank v. Voigt* (1934), 214 Wis. 27, 252 N. W. 355. However, the contract theory adopted in the *Staver Case* does not apply to the facts here. If a gift cannot be proven the appellants have no basis for recovery.

We find no evidence in the record that the mother intended to make a gift of the deposits to her minor sons. The rule in this jurisdiction for some years has been that a deposit of money in the name of a third person does not constitute a completed gift unless and until the one making the deposit delivers the passbook or some evidence thereof to the donee, divests himself of all control over the account, and vests such control in the donee with the intention of making a gift. *Estate of Schreihart* (1936), 223 Wis. 218, 270 N. W. 71; *Roseman v. Sauber* (1939), 232 Wis. 581, 288 N. W. 173.

In *Estate of Krause* (1942), 241 Wis. 41, 4 N. W. (2d) 122, a husband deposited his own funds in a savings account in the name of his wife and later withdrew the funds on his own signature. After his death the wife sued the bank to recover the funds. In passing on the question of admissibility of evidence, this court pointed out the wife had failed to establish her case because the passbook had been retained by her husband, and there was no evidence of delivery of it to her or any other evidence of an intention to make a gift. In *Ruffalo v. Savage* (1948), 252 Wis. 175, 31 N. W. (2d) 175, relied on by the trial court, the parents opened a savings account in the name of their son, in which they deposited their money. Their signatures were the only ones on which the bank was authorized to honor withdrawals. The parents retained possession and control of the passbook. The court held the son had no title to the deposits, because the making of the deposits in the name of the son did not create a contractual right in the son and no gift had been made.

While it can be argued that the deposit in a savings account by a person of his own money to the credit of another person is consistent with an intent to make a gift and delivery on behalf of the minors is to be presumed, the form of the deposit in the instant case was not of such a nature, and without other evidence is not sufficient to conclude as a matter of law that the deposit was made with an intent to make a gift. For a discussion of gifts of savings accounts, see Anno. 1 A. L. R. (2d) 538.

The second argument of the appellants is that Mrs. Coolidge intended the money which she sent to McCelland was for both boys. There is some dispute in the evidence. McCelland at the hearing on the application for guardianship stated that he had money for both boys and at the hearing on the bank's petition he testified that he received a letter

from Mrs. Coolidge with instructions to open an account in his name and in Dale's name. He did so, and Mrs. Coolidge witnessed Dale sign the signature card for the bank and expressed her satisfaction with the arrangement. The action of McCelland in opening the account with Dale is consistent with the letter of Mrs. Coolidge. Another witness testified as to the contents of the letter. The trial court stated it thought Mr. McCelland was confused when he gave his testimony on the application for a guardian. It was for the trier of the fact to pass on the credibility of the witness and to determine what testimony was to be believed. The record does not disclose that the trial court was in error.

In transmitting the cashier's check for $10,000 to her nephew with instructions to open an account in his name and in Dale's name, Mrs. Coolidge effectively evinced an intention to make a gift of the money to her son, Dale, and by the arrangement she put it beyond her control to withdraw the funds, and vested such control in Dale. This constituted a valid gift. What her motives were for doing so is in the realm of speculation and does not concern us.

*By the Court.*—Order affirmed.